**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 27 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

### UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

ALVIN PARKER,

   Petitioner-Appellant,

v.

RON CHAMPION,

   Respondent-Appellee.

No. 96-6291

---

Appeal from the United States District Court
for the Western District of Oklahoma
(D.C. No. CIV-96-335-T)

---

Gloyd L. McCoy, Coyle & McCoy, Oklahoma City, Oklahoma, for Petitioner-
Appellant.

Sandra D. Howard, Assistant Attorney General, Oklahoma City, Oklahoma, for
Respondent-Appellee.

---

Before **ANDERSON, MAGILL,**[*] and **KELLY,** Circuit Judges.

---

**MAGILL,** Circuit Judge.

---

[*]Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals for
the Eighth Circuit, sitting by designation.

During Alvin Parker's second trial in Oklahoma state court on the sole charge of first degree malice-aforethought murder, he requested jury instructions on second degree murder. The trial court granted Parker's request, and he was ultimately convicted of second degree murder. After the state courts denied postconviction relief, he filed this pro se 28 U.S.C. § 2254 petition for habeas corpus. He contends that his direct appeal counsel provided constitutionally ineffective assistance by failing to argue that the second trial jury instructions on second degree murder violated his due process rights in that he was convicted of a crime of which he had no notice in the charge. The district court denied Parker's petition, and also denied Parker's subsequent motion to file an amended petition to include an improper witness identification claim. We affirm.

## I.

On February 2, 1985, Parker, a convicted felon, shot and killed Gary Ward, an off-duty police officer working as a motel security guard. Parker was attempting to steal a television set from a motel room when Officer Ward, wearing his police uniform, approached him. A fracas ensued, during which Parker secured Officer Ward's gun and killed him.

Parker was charged by amended information in Oklahoma state court with first degree malice-aforethought murder and first degree felony murder. At the

first trial, Parker requested the court to submit jury instructions not only on both theories of first degree murder, but also on second degree felony murder, second degree depraved-mind murder, and first degree manslaughter. At the conclusion of trial, Parker was convicted of first degree malice-aforethought murder and sentenced to life.

This conviction was reversed on direct appeal and a new second trial followed. The state trial court held that jeopardy had attached on the first degree felony murder charge. Thus, the second trial involved only the first degree malice-aforethought murder charge. Parker again requested jury instructions on the lesser included offenses of second degree depraved-mind murder and first degree manslaughter. He also requested a jury instruction on second degree felony murder, arguing incorrectly that it also was a lesser included offense. The trial court gave all of Parker's requested instructions. The jury then convicted Parker of second degree murder, but did not specify whether the conviction was for second degree depraved-mind murder or second degree felony murder. Parker was then sentenced to 199 years imprisonment.

After his conviction and sentence were upheld on direct appeal in 1994, Parker initiated a state postconviction collateral challenge to his conviction. Parker argued that his direct appeal counsel was constitutionally ineffective for failing to raise the argument that he was convicted of a crime for which he did not

have notice--second degree murder. The Oklahoma Court of Criminal Appeals rejected this claim and found that Parker was convicted of second degree depraved-mind murder, which was a lesser included offense. Parker did not raise any claims concerning ineffectiveness of trial counsel on state collateral review.

Between 1994 and 1996, Parker filed three separate federal petitions for habeas corpus. Parker's first and second habeas petitions were dismissed for including unexhausted claims.[1] In this third habeas petition, Parker again seeks relief only on the ground that he received ineffective assistance of appellate counsel on direct criminal appeal. He contends that his appellate counsel should have argued that Parker's due process rights were violated because the trial court instructed the jury on second degree murder when he was charged only with first degree murder. The magistrate judge recommended denying Parker's petition,

---

[1]Parker's first habeas petition included a claim of ineffective assistance of trial counsel, premised on his trial counsel's request for the second degree murder instructions. The district court found that Parker had failed to present this claim to the Oklahoma state courts. See Parker v. Champion, No. CIV-94-1547-T, slip op. at 1 (W.D. Okla. Sept. 11, 1995), adopting Parker v. Champion, No. CIV-94-1547-T (W.D. Okla. July 28, 1995) (Argo, U.S. Mag.). Eschewing the magistrate judge's suggestion to present the ineffective assistance of trial counsel claim to the Oklahoma state courts, Parker filed his second federal habeas petition, which presented two different claims: (1) ineffective assistance of direct appeal counsel for failing to argue that the trial court committed fundamental reversible error in giving the second degree felony murder instruction and (2) a violation of his double jeopardy rights. The district court found that Parker had failed to present the first claim to the Oklahoma state courts. See Parker v. Champion, No. CIV-95-1472-T, slip op. at 4 (W.D. Okla. Dec. 28, 1995). Again, Parker refused to present any of his unexhausted claims to the Oklahoma state courts and instead filed the instant petition.

finding that any appeal on this ground would have failed. The district court agreed, and denied Parker's petition. Parker subsequently sought leave to amend his habeas petition to include a claim based on an allegedly improper witness identification during Parker's criminal trial. The district court denied Parker's motion,[2] finding that this new claim was untimely and could have been included in his previous petitions. Parker now appeals both the denial of his habeas petition and the denial of his motion to amend.

## II.

Although he concedes that the second degree depraved-mind murder instruction was proper, Parker argues that his due process right to notice was violated when the state trial court gave the second degree felony murder instruction to the jury, and that his appellate counsel was constitutionally ineffective for failing to raise this due process argument on direct appeal. We disagree.

---

[2]The district court and magistrate judge agreed that Parker "was waiting for the undersigned's ruling on the merits of [his] first ground for relief, before he even sought to add a second ground," and that "[i]t is clear from the procedural history of this case that [Parker] is intentionally piecemealing his claims." Parker v. Champion, No. CIV-96-335-T, Report and Recommendation at 5 & n.1 (W.D. Okla. July 31, 1996), adopted by Parker v. Champion, No. CIV-96-335-T (W.D. Okla. Aug. 19, 1996).

"[A] claim of ineffective counsel is a mixed question of fact and law which a federal habeas court reviews de novo." Williamson v. Ward, 110 F.3d 1508, 1513 (10th Cir. 1997) (citation omitted). "When a [petitioner] alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue. If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel." United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995) (quotations and citation omitted). Particularly, a habeas petitioner bears the burden of showing that his appellate counsel omitted a "dead-bang winner" issue--"an issue which was obvious from the trial record, and one which would have resulted in a reversal on appeal." Id. at 395 (citation omitted).

Any appeal based on this alleged due process violation would clearly have failed. Oklahoma abides by the "well established principle that a defendant may not complain of error which he has invited, and that reversal cannot be predicated upon such error." Pierce v. State, 786 P.2d 1255, 1259 (Okla. Crim. App. 1990); accord Mayes v. State, 887 P.2d 1288, 1311 (Okla. Crim. App. 1994) (applying doctrine of invited error); see also Gundy v. United States, 728 F.2d 484, 488 (10th Cir. 1984) ("an appellant may not complain on appeal of errors which he himself induced or invited"). Accordingly, "a defendant will not be permitted to request a particular instruction and then contend that the giving of said instruction

-6-

was error." West v. State, 617 P.2d 1362, 1366 (Okla. Crim. App. 1980). Even if the trial court erred in giving the second degree felony murder instruction, Parker invited the error by requesting this instruction at trial. This invited error precludes the reversal of Parker's conviction, as well as the grant of any habeas relief, on the basis of the alleged improper instruction. See United States v. Herrera, 23 F.3d 74, 75-76 (4th Cir. 1994) (holding that doctrine of invited error precludes grant of habeas relief to petitioner convicted of unindicted offense where petitioner's counsel requested the instruction on that offense); Wilson v. Lindler, 8 F.3d 173, 175 (4th Cir. 1993) (en banc) (per curiam) (same) (adopting reasoning of dissent in Wilson v. Lindler, 995 F.2d 1256, 1265-67 (4th Cir. 1993)). Because Parker's trial counsel specifically requested the second degree murder instructions, any appeal based on their alleged impropriety would have been unsuccessful.[3]

On appeal, Parker attempts to raise an ineffective assistance of trial counsel claim arising from his trial counsel's request for the second degree murder

_____

[3]Parker also suggests that his direct appeal counsel was constitutionally ineffective by failing to argue that Parker's due process rights were violated when the trial court allowed the jury to convict him of second degree murder without specifying whether the conviction was for second degree depraved-mind murder or for second degree felony murder. This contention is easily rejected. See Williamson v. Ward, 110 F.3d 1508, 1523 (10th Cir. 1997) (defendant not deprived of constitutional rights when convicted of first degree murder, despite fact that verdict form did not distinguish between different types of first degree murder); see also Powell v. State, 906 P.2d 765, 775-76 (Okla. Crim. App. 1995) (same).

instructions and an ineffective assistance of appellate counsel claim for failing to argue on direct appeal that his trial counsel was constitutionally ineffective for requesting the instructions. Careful review of Parker's habeas petition, however, shows that Parker focused solely on the alleged ineffective assistance of his appellate counsel for failing to raise a due process notice argument. Although we construe pro se pleadings liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), we will not rewrite a petition to include claims that were never presented. Moreover, Parker has not presented any evidence to suggest that these claims have been properly exhausted in the Oklahoma state courts or that exhaustion should be excused.[4] See 28 U.S.C. § 2254(b). Accordingly, we decline Parker's invitation to examine these claims on appeal.

**III.**

Parker also contends that the district court abused its discretion in denying his motion to file an amended petition for habeas corpus to add a claim based on an allegedly improper witness identification at Parker's criminal trial. We disagree.

---

[4]Indeed, during the pendency of his first habeas petition, Parker admitted that he had not exhausted his ineffective assistance of trial counsel claim, and the district court refused to excuse this failure to exhaust.

"Where [a] party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." State Distribs., Inc. v. Glenmore Distilleries Co., 738 F.2d 405, 416 (10th Cir. 1984). "[A] district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay.'" First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc., 820 F.2d 1127, 1133 (10th Cir. 1987).

We do not believe that the district court abused its discretion. Parker asserted this same improper witness identification claim on his direct criminal appeal in 1994, and it was rejected. Prior to filing the instant motion to amend, Parker participated in state postconviction proceedings and filed three separate federal habeas petitions challenging his conviction. Notably, Parker never included this improper witness identification claim in any of these petitions or during the state postconviction proceedings. Parker obviously was aware of the facts supporting this claim as early as 1994, when the state court rejected it on Parker's direct criminal appeal. Accordingly, the district court did not abuse its discretion.

**IV.**

For the foregoing reasons, we AFFIRM the district court in all respects.[5]

---

[5]We asked the parties to brief the issue of whether this Court may request the government to submit a merit brief before ruling on a habeas petitioner's request for a certificate of appealability. However, this issue is moot in view of our subsequent order that a certificate of probable cause be issued.