**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ROBERT WIKTOR,

    Defendant-Appellant.

No. 99-4226

(D.C. No. 96-CV-921)
(D.Utah)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Robert Wiktor seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Wiktor claims that his trial and appellate counsel committed three errors that needlessly increased his sentence. The district court dismissed Wiktor's habeas

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

petition in its entirety.  We affirm in part, vacate in part, and remand for further proceedings.

## I

Wiktor's underlying convictions stem from his participation in a fraudulent telemarketing scheme.  The government alleged that Wiktor, as the president of a company named Great Western Distributors, Inc. ("Great Western"), defrauded hundreds of people of more than $2,000,000.  The government alleged that Wiktor directed salespersons at Great Western to inform victims that they had won one of five "valuable" prizes, including a Ford Bronco.  To receive one of these prizes, the victim was required to purchase vitamins for $598.  Instead of receiving one of the valuable prizes, the victim ultimately received a pendant worth approximately $50.  In October 1993, a jury convicted Wiktor of wire fraud and conspiracy under 18 U.S.C. § 1343 and 18 U.S.C. § 371.

The case then proceeded to the sentencing phase.  In addition to ordering restitution, the district court sentenced Wiktor to a prison term of 60 months, followed by three years of supervised release.  Using the 1993 version of United States Sentencing Guideline ("U.S.S.G.") § 2F1.1(b)(1), the court considered evidence of the total loss suffered by Wiktor's victims.  In determining Wiktor's criminal history points, the court assessed one point for a 1991 reckless driving conviction and another point for a 1993 driving under the influence ("DUI")

conviction. We affirmed Wiktor's sentence on appeal. <u>United States v. Wicktor</u>, 51 F.3d 287, 1995 WL 113409 (10th Cir. Mar. 17, 1995) (unpublished).

Wiktor filed a habeas petition in October 1996. After the government responded to the petition, Wiktor replied by filing a motion for leave to amend. The district court granted Wiktor's motion, adding that "[n]o further reply from [the] movant will be accepted." 4/7/97 Order at 1. After the government responded to the amended petition, Wiktor filed another motion for leave to amend, which the district court denied. In June 1999, a magistrate judge issued a report recommending the denial of Wiktor's petition. In his objections and supplemental objections to the magistrate's report, Wiktor claimed for the first time that his counsel failed to object to the use of the reckless driving conviction to enhance his criminal history points. After reviewing the matter de novo, the district court adopted the magistrate's report <u>in toto</u> and dismissed Wiktor's petition. The court later granted Wiktor's request for a certificate of appealability.

## II

On appeal, Wiktor claims that his trial and appellate counsel provided ineffective assistance in three respects. Wiktor alleges that his attorneys (1) failed to inform the district court that net loss, rather than total loss, must be considered under U.S.S.G. § 2F1.1(b)(1); (2) failed to object to the improper

3

assessment of a criminal history point for his reckless driving conviction; and (3) failed to object to the improper assessment of a criminal history point for his DUI conviction. To prevail on these claims, Wiktor must show that his lawyers' conduct "fell below an objective standard of reasonableness" and that this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-89, 691-92, 694 (1984); accord United States v. Blackwell, 127 F.3d 947, 955 (10th Cir. 1997).

Our standard of review is clearly established. "[W]e review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." United States v. Pearce, 146 F.3d 771, 774 (10th Cir. 1998); accord Blackwell, 127 F.3d at 950. Ineffective assistance claims also present "mixed questions of law and fact reviewed by this court de novo." Fox v. Ward, 200 F.3d 1286, 1294 (10th Cir. 2000); see also Blackwell, 127 F.3d at 955 (commenting that "we accept the district court's factual findings unless clearly erroneous" when reviewing a finding of ineffective assistance). Any interpretation or application of the Sentencing Guidelines likewise warrants de novo review. United States v. Contreras, No. 99-2147, 2000 WL 376614, at *1 (10th Cir. Apr. 13, 2000); see also United States v. Guidry, 199 F.3d 1150, 1158 (10th Cir. 1999) (confirming that appellate review of a district court's factual findings in this context is "for clear error").

4

The record on appeal does not support the district court's dismissal of Wiktor's first claim. The Sentencing Guidelines provide for a 12-point increase in a defendant's offense level for losses between $1,500,000 and $2,500,000, see U.S.S.G. § 2F1.1(b)(1), and the "net loss" rule "requires the court to deduct from the loss calculation any value the defendant gave the victim at the time of the fraud." United States v. Janusz, 135 F.3d 1319, 1324 (10th Cir. 1998); see also United States v. Reddeck, 22 F.3d 1504, 1512 (10th Cir. 1994) (stating that "loss should be calculated as 'the net value, not the gross value, of what was taken'") (citation omitted). The district court found that Wiktor's fraud caused a total loss of $2,447,651. The court went on to find that "even if the value of the vitamins and pendant[s] were taken into consideration, the loss remains over $1,500,000 and no change in the sentencing calculation would result." Magistrate's Report and Recommendation ("Report") at 6. But the court cited no evidence to support the assertion that the value of the vitamins and pendants conveyed to the victims was less than $947,651. See 10/29/99 Order at 1-2 (adopting the magistrate's report); Report at 6 (containing no record citations). Nor did the government cite any evidence to this effect in its response to Wiktor's habeas petition. See Government's Response In Opposition To Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence at 17 & n.7 (assuming, without citations to the record, that each pendant was worth $50 and the value of the

5

vitamins was $150); see also Government's Response In Opposition To Petitioner's Amendment To His Motion Under 28 U.S.C. § 2255 at 7 (arguing that the trial transcript "is not needed to respond further" to Wiktor's "net loss" claim). The government's brief on appeal is similarly devoid of any citations to the record on this point. See Brief For The United States at 6 (relying exclusively on magistrate's report).

Given this evidentiary gap, the district court erred by failing to hold an evidentiary hearing. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," a district court must "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255; accord United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996). Accordingly, "[r]eview in a section 2255 habeas action entails a two-step inquiry: (1) whether the defendant is entitled to relief if his allegations are proved; and (2) whether the district court abused its discretion by refusing to grant an evidentiary hearing." United States v. Whalen, 976 F.2d 1346, 1348 (10th Cir. 1992); accord Lopez, 100 F.3d at 119. Wiktor clearly alleged in his habeas petition that the value of the gifts received by each victim "varied between $50 and $200," that the value of the vitamins received by each victim was "comparable to the Shaklee program of $65 to $120 per month," and that additional proceedings were necessary to determine "the fair

market value" of these items. Petition at 16-17. Wiktor also objected to the magistrate's report on the ground that "the year's supply of vitamins" delivered to each victim "had a value of between $780 and $1440 (depending upon the purchase plan), and the pendants and other gifts had values of between $50 and $200 depending upon the gift." Petitioner's Objections To Magistrate's Report And Recommendation And Request For De Novo Determination ("Objections") at 2-3. If proved, these allegations may show that Wiktor was entitled to a reduction in his offense level, which in turn may call into question the performance of his counsel. That being the case, our ruling in Whalen is fully applicable here: "Under these circumstances, the district court abused its discretion by adopting the magistrate judge's findings absent an evidentiary hearing." 976 F.2d at 1349. We therefore vacate the dismissal of Wiktor's first claim and remand the case for an evidentiary hearing on the issue of "net loss."

No evidentiary hearing is necessary on Wiktor's second claim, however, because the record reveals that Wiktor waived this claim by failing to raise it in a timely manner. Wiktor's habeas petition contains no claim regarding the purportedly improper use of his reckless driving conviction, and Wiktor neither sought nor received leave to add such a claim. Instead, Wiktor raised the claim for the first time in his objections to the magistrate's report. See Objections at 6 (asserting that the claim "only recently c[a]me to the attention of petitioner");

7

Supplement To Petitioner's Objections To Magistrate's Report And Recommendation And Request For De Novo Determination at 3 (asserting that "petitioner did not recognize the significance" of the use of his reckless driving conviction until after the magistrate issued its report). Even if we assume that these objections somehow constituted a motion for leave to amend, a denial of that motion on timeliness grounds would have been well within the district court's discretion. See Parker v. Champion, 148 F.3d 1219, 1222-23 (10th Cir. 1998) ("Where [a] party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.") (citation omitted), cert. denied, 525 U.S. 1151 (1999); id. (quoting First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc., 820 F.2d 1127, 1133 (10th Cir. 1987) for the proposition that a court "acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay'"). Wiktor waited over two and a half years to assert a claim based on the use of his reckless driving conviction, declined to raise the claim when the district court granted his first motion for leave to amend, and offered no credible explanation for his failure to include the claim in his original and amended petitions. Cf. Moore v. Reynolds, 153 F.3d 1086, 1116 (10th Cir. 1998) (affirming the denial of a motion for leave to amend because state prisoner waited over two years before attempting to add

8

the claim), cert. denied, 526 U.S. 1025 (1999); Stafford v. Saffle, 34 F.3d 1557, 1560 (10th Cir. 1994) (affirming the denial of a motion of leave to amend because a state prisoner advanced "no credible reasons" why the claim was not included in his initial petition). [1]

Wiktor's third claim is even more untimely. Wiktor did not raise a claim based on the use of his DUI conviction in his original or amended petitions, his motions for leave to amend, or his objections to the magistrate's report. Rather, the first mention of the claim appears in Wiktor's appellate brief. It is beyond cavil that "[w]e will not consider issues not presented to the federal district court, absent extraordinary circumstances." Fowler v. Ward, 200 F.3d 1302, 1310 (10th Cir.); accord Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999), cert. denied, 120 S. Ct. 808 (2000). Wiktor makes no argument that "extraordinary circumstances" exist in this case. And while Wiktor's pro se status obliges us to construe his pleadings "liberally," see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we have "repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" Nielsen v. Price, 17 F.3d 1276, 1277

---

[1] Wiktor suggests that his second claim is ripe for appellate review because (1) the district court did not formally protest its inclusion in Wiktor's objections to the magistrate's report; and (2) Wiktor discussed the claim in his request for a certificate of appealability, which the district court granted. Neither of these acts demonstrates that Wiktor sought leave to add the claim or otherwise brought the issue to the district court's attention in a timely fashion.

(10th Cir. 1994) (citation omitted); see also Casper v. Commissioner of Internal Revenue, 805 F.2d 902, 906 n.3 (10th Cir. 1986) (noting that a pro se litigant "is still required to have an awareness of and comply with relevant procedural and substantive rules of law"). As a consequence, we affirm the district court's dismissal of Wiktor's second and third claims for relief.

AFFIRMED IN PART, VACATED IN PART, and REMANDED for further proceedings. Wiktor's motion to proceed in forma pauperis is GRANTED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge
