**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 14 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALFORD M. HALEY,

      Petitioner-Appellant,

v.

GARY E. GIBSON; DREW
EDMONDSON; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents-Appellees.

No. 00-6105
(W. District of Oklahoma)
(D.C. No. 99-CV-748-C)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Alford M. Haley, proceeding *pro se*, is before this court seeking a certificate of appealability ("COA") which he must obtain before he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that an appeal may not be taken from the denial of a § 2254 habeas petition unless the petitioner first obtains a COA). Haley has not made a substantial showing of the denial of a constitutional right; he, therefore, is not entitled to a COA and his appeal is dismissed. *See id.* § 2253(c)(2).

Haley was convicted of first degree murder in Oklahoma state court and was sentenced to life imprisonment without the possibility of parole. On direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"), Haley raised the following four issues: (1) the prosecution presented insufficient evidence to support his conviction because the testimony of an accomplice was not corroborated; (2) the state trial court erred when it overruled his objection to a jury instruction on other crimes evidence; (3) the trial court made erroneous evidentiary rulings when it allowed testimony of witness intimidation, admitted handwritten notes written by Haley, and allowed a police officer to read his notes into the record; and (4) the sentence imposed is excessive. The OCCA issued an opinion affirming Haley's conviction and sentence. After exhausting his state

remedies, Haley filed the instant § 2254 habeas petition reasserting the four claims he raised before the OCCA.[1]

The district court assigned Haley's petition to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that the petition be dismissed. After reviewing Haley's objections, the district court adopted the magistrate judge's Report and Recommendation, and dismissed Haley's petition.[2] The district court also refused to grant Haley a COA.

Haley filed his habeas petition after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA, therefore, governs this court's review of Haley's claims. Because each of Haley's claims has already been addressed by the OCCA on the merits, this court cannot grant the writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented at trial." *Id.* § 2254(d)(2); *see also Williams v. Taylor*, 120 S. Ct. 1495, 1518-23 (2000) (interpreting 28 U.S.C. § 2254(d)(1)).

_____

[1]The district court liberally construed Haley's habeas petition as raising constitutional questions.

[2]The district court also denied Haley's motion to proceed *in forma pauperis* on appeal and Haley renewed that motion before this court. Haley's renewed motion to proceed *in forma pauperis* on appeal is denied.

Haley first claims that the prosecution presented insufficient evidence to sustain his conviction. Specifically, Haley asserts that the state failed to prove that he caused the death of the victim because the only evidence linking him to the murder was the testimony of his accomplice. *See* Okla. Stat. tit. 22, § 742 (providing that a defendant cannot be convicted based upon the uncorroborated testimony of an accomplice). Recognizing that Haley's claim is not cognizable on habeas review, *Johnson v. Turner*, 429 F.2d 1152, 1155 (10th Cir. 1970), the district court recharacterized Haley's claim as a constitutionally-based sufficiency of the evidence claim that can be raised in a § 2254 petition. *See Jackson v. Virginia*, 443 U.S. 307, 321 (1979). On habeas review of sufficiency of the evidence claims, this court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 319.

The Report and Recommendation contains a comprehensive discussion of the evidence presented at Haley's trial. This evidence was not limited to the testimony of Haley's accomplice, but also included the testimony of eyewitnesses to the murder. We agree with the district court that the evidence presented at Haley's trial, viewed in the light most favorable to the prosecution, was sufficient

to support Haley's conviction. Haley's sufficiency of the evidence claim, therefore, lacks merit.

Haley next argues that the trial court erred when it made three separate evidentiary rulings. "State court rulings on the admissibility of evidence may not be questioned in federal habeas corpus proceedings unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." *Brinlee v. Crisp*, 608 F.2d 839, 850 (10th Cir. 1979). Haley claims the trial court erred when it admitted evidence of witness intimidation; allowed the admission of incriminating, handwritten notes attributed to Haley; and allowed a police officer to read his notes into the record. Each of these claims was thoroughly analyzed by the magistrate judge and discussed at length in the Report and Recommendation and, in the interest of judicial economy, we will not repeat the magistrate judge's analysis on each evidentiary issue. We agree with the district court's conclusion that Haley has failed to demonstrate how any of the trial court's evidentiary rulings rendered his trial fundamentally unfair. Haley's evidentiary's claims, therefore, are also without merit.

Haley next argues that the trial court failed to properly instruct the jury on the limited purpose for which the jury could consider evidence of other crimes committed by Haley. The district court noted that not only did Haley fail to object to the jury instruction at trial, but that the instruction of which Haley

-5-

complains was submitted by Haley himself. A petitioner who claims the trial court gave an erroneous jury instruction is not entitled to habeas relief on his claim when the error complained of resulted from the petitioner's own conduct in submitting the instruction. *See Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998). Even if the invited error doctrine did not apply, Haley is not entitled to relief on this claim in a § 2254 habeas petition unless the state court's error "had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense." *Brinlee*, 608 F.2d at 854. This court agrees with the district court that Haley's trial was not rendered fundamentally unfair by the allegedly erroneous instruction.[3]

In his final argument,[4] Haley claims the sentence imposed by the trial court was excessive. If we construe Haley's claim as a due process challenge to his sentence, Haley is not entitled to habeas relief on this claim if the sentence imposed is within the limitations set by statute. *See Vasquez v. Cooper*, 862 F.2d

---

[3]Haley includes a one-sentence argument in his appellate brief that his trial counsel was ineffective for failing to object to the allegedly erroneous jury instruction. This claim was not presented to the district court in Haley's § 2254 petition and this court will not consider issues raised for the first time on appeal. *See Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999).

[4]Haley also argues that the district court's recharacterization of his Motion to Deny Response to Petition for Writ of Habeas Corpus as a reply violated his due process rights. Haley also claims that the denial of a Motion to Order Summary Judgment he filed was fundamentally unfair and violated his due process rights. Haley's claims are utterly without merit.

250, 255 (10th Cir. 1988). The crime of which Haley was convicted is punishable by death, life imprisonment without the possibility of parole, or life imprisonment. *See* Okla Stat. tit. 21, §§ 701.7, 701.9. Haley's sentence of life imprisonment without the possibility of parole is, therefore, clearly within the statutory limits and his claim is without merit. If Haley's claim is construed as an Eighth Amendment challenge to his sentence, Haley is likewise not entitled to relief because his sentence is not grossly disproportionate to the crime he committed. *See Hawkins v. Hargett*, 200 F.3d 1279, 1282 (10th Cir. 1999).

Haley must make a "substantial showing of the denial of a constitutional right" before he is entitled to a COA. 28 U.S.C. § 2253(c)(2). Haley may make this showing by demonstrating the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 120 S. Ct. 1595, 1603-04 (2000). Upon review of the relevant case law, Haley's appellate brief and his application for a COA, and the entire record on appeal, we agree with the district court's conclusion that all of Haley's claims lack merit and that Haley has failed to demonstrate that the OCCA's adjudication of his claims is "contrary to, or involved an unreasonable application of, clearly established Federal law," or is "based on an unreasonable determination of the facts in light of the evidence presented at trial." 28 U.S.C. § 2254(d)(1), (2).

This court concludes the issues raised by Haley are not reasonably debatable, subject to a different resolution on appeal, or deserving of further proceedings. Haley, therefore, has not made a substantial showing of the denial of a federal right and he is not entitled to a COA. *See* 28 U.S.C. § 2253(c)(2). We **deny** Haley's application for a COA and **dismiss** his appeal for substantially those reasons set out in the magistrate judge's Report and Recommendation dated February 15, 2000 and the district court's order dated March 7, 2000.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge