**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 17 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALVIN PARKER,

  Petitioner-Appellant,

v.

JANET RENO, Attorney General of
the United States and UNITED
STATES DEPARTMENT OF
JUSTICE,

  Respondents-Appellees.

No. 00-6171

W.D. Okla.

(D.C. No. CIV-99-1993-T)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges. **

    Alvin Parker, a prisoner in the custody of the State of Oklahoma

proceeding pro se, filed this action seeking a declaratory judgment that the

---

    * This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.


    ** After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

provision of the Antiterrorism and Effective Death Penalty Act governing second or successive habeas corpus petitions, 28 U.S.C. § 2241(b)(1), violates his due process rights. According to Mr. Parker, § 2241(b)(1) "creates an irrebuttable presumption that the prior decision was on the merits, which is neither necessarily nor universally true, and preclude [sic] individualized determination of facts upon which substantial rights or obligations may depend." Rec. doc. 2, at 4.

Adopting the recommendation of the magistrate judge, the district court dismissed Mr. Parker's complaint for lack of subject matter jurisdiction. The court reasoned that, in prior habeas actions filed by Mr. Parker, the issue raised in Mr. Parker's complaint had already been determined.

In 1990, Mr. Parker was convicted in Oklahoma County District Court of second degree murder after former conviction of a felony and sentenced to 199 years' imprisonment. [1] The Oklahoma Court of Criminal Appeals affirmed his conviction on direct appeal. Mr. Parker then filed three habeas petitions in the United States District Court for the Western District of Oklahoma. The district court dismissed the first two petitions on the grounds that they contained unexhausted claims.

---

[1] Initially, Mr. Parker was convicted of first degree murder. That conviction was reversed on direct appeal. See Parker v. Champion, 148 F.3d 1219,1220 (10th Cir. 1998).

In the third petition, Mr. Parker argued that he had received ineffective assistance because his appellate counsel had failed to raise a due process notice issue arising out of the fact that he was charged with first degree murder but convicted of second degree murder. The district court denied the petition, and this court affirmed. See Parker v. Champion, 148 F.3d 1219, 1222 (10th Cir. 1998). We reasoned that in light of the doctrine of invited error, any appeal based on Mr. Parker's due process notice argument would not have been successful. "Even if the trial court erred in giving the second-degree felony murder instruction, Parker invited the error by requesting this instruction at trial. This invited error precludes the reversal of Parker's conviction, as well as the grant of any habeas relief, on the basis of the alleged improper instruction." Id.

Following our decision, Mr. Parker filed a Motion for Leave to File a Second or Successive Habeas Petition. We denied that motion in August 1999.

In his complaint in the instant case, Mr. Parker argues that the district court and this circuit erred by relying on the doctrine of invited error. Characterizing the doctrine as a kind of procedural bar, he states that the state court declined to apply it and instead decided the case on the merits. According to Mr. Parker, because the state court reached the merits of the case, the federal courts may do so as well. Because this court applied 28 U.S.C. § 2241(b)(1) to deny his Motion for Leave to File a Second or Successive Habeas Petition, Mr.

3

Parker maintains that he has been deprived of a decision on the merits of his habeas petition in violation of the Due Process Clause.

We agree with the district court that we lack jurisdiction over Mr. Parker's complaint for declaratory relief. As the magistrate judge observed, the Supreme Court has held that the Declaratory Judgment Act may not be used to resolve a collateral legal issue governing certain aspects of a habeas proceeding. See Calderon v. Ashmus, 523 U.S. 740, 745-49 (1998). Morever, circuit courts have held that "'the Declaratory Judgment Act may not be used as a substitute for 'habeas corpus, coram nobis, or other such procedures.'"" United States v. Gutierrez, 116 F.3d 412, 415 (9th Cir. 1997) (quoting Benson v. State Bd. of Pardon & Probation, 384 F.2d 238, 239 (9th Cir. 1967) (quoting United States ex rel. Bennett v. Illinois, 356 F.2d 878, 879 (7th Cir. 1966) (per curiam))); accord Chatman-Bey v. Thornburgh, 864 F.2d 804, 808-10 (D.C. Cir. 1988) (en banc) (rejecting argument that a federal prisoner could use a declaratory judgment action to contest the computation of his sentence). Here, Mr. Parker seeks to use the Declaratory Judgment Act to resolve issues that were actually addressed or that could have been addressed in the prior habeas actions. The Declaratory Judgment Act does not allow such collateral challenges. See Calderon, 523 U.S. at 745-49.

We therefore AFFIRM the district court's dismissal of Mr. Parker's

4

complaint. [2]

Entered for the Court,


Robert H. Henry
United States Circuit Judge

---

[2] Mr. Parker has filed two motions: (1) a Motion to Expedite Cause and (2) a Motion to Incorporate Record on Former Appeal. In light of the issuance of this order and judgment, we DENY Mr. Parker's Motion to Expedite Cause as moot. Because the record on appeal in the prior case is not necessary to resolve the legal issues presented here, we also DENY Mr. Parker's Motion to Incorporate Record on Former Appeal.