**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 9, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RAUL VARELA,

       Petitioner - Appellant,

v.

ERASMO BRAVO, Warden,
Guadalupe County Correctional
Facility; ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

       Respondents - Appellees.

No. 05-2343
(D.C. No. CIV-00-1754)
(D. N.M.)

---

ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **EBEL** and **TYMKOVICH**, Circuit Judges.

---

Petitioner-Appellant Raul Varela appeals the denial of his petition seeking

habeas relief, see 28 U.S.C. § 2254, from his New Mexico conviction for cocaine

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

trafficking, see N.M. Stat. § 30-31-20.[1] Varela asserts that his defense attorney provided constitutionally ineffective representation when: counsel advised Varela that if he pled guilty to cocaine trafficking, he would receive a sentence below the basic nine-year sentence provided by statute, see N.M. Stat, § 31-18-15(A)(4) (subsequently amended in 2005); Varela pled guilty based on counsel's advice; and the New Mexico trial court, nonetheless, imposed a nine-year sentence. Based on those allegations, Varela asserts that his guilty plea was involuntary because it was the result of his attorney's ineffective representation. This court granted Varela a certificate of appealability ("COA") on this claim.[2] See 28 U.S.C. § 2253(c). Having jurisdiction to consider this appeal, then, under 28 U.S.C. §§ 1291 and 2253, we AFFIRM the denial of habeas relief.

---

[1]The district court granted Varela's motion to proceed in forma pauperis. See 28 U.S.C. § 1915.

[2]This court also granted Varela a COA on a second claim, alleging that his defense attorney was ineffective for failing to object to his being sentenced by state-court Judge Martin. Because Varela argued that another state judge would have imposed a lighter sentence, this § 2254 claim challenged only the length of Varela's state sentence. Because Varela has fully served that sentence, he concedes that this § 2254 claim is now moot. See Spencer v. Kemna, 523 U.S. 1, 3, 14-17 (1998). We, therefore, do not address the merits of that claim.

Varela's claim asserting that his guilty plea resulted from his attorney's ineffective representation, on the other hand, challenges his state conviction rather than the length of his sentence. Because Varela may continue to suffer collateral consequences as a result of that conviction, that claim is not moot. See id. at 8 (noting Supreme Court is willing to presume that a wrongful conviction will continue to have collateral consequences); United States v. Meyers, 200 F.3d 715, 718 (10th Cir. 2000).

In order to assert this claim for § 2254 relief, Varela must first have exhausted his state-court remedies by presenting this claim to the New Mexico state courts. See 28 U.S.C. § 2254(b)(1). Varela will have exhausted this claim if he "first fairly presented the substance of his federal habeas claim to state courts." Hawkins v. Mullin, 291 F.3d 658, 668 (10th Cir. 2002). "Fair presentation requires more than presenting all the facts necessary to support the federal claim to the state court." Bland v. Sirmons, 459 F.3d 999, 1011 (10th Cir. 2006) (quotation omitted). Varela, proceeding pro se, pursued a habeas petition in state court, and unsuccessfully sought review of the trial court's decision denying him habeas relief through a petition for a writ of certiorari to the New Mexico Supreme Court.[3] Because he pursued that petition pro se, we will liberally construe those pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Even so, "we will not rewrite a petition to include claims that were never presented." Parker v. Champion, 148 F.3d 1219, 1222 (10th Cir. 1998). In this case, we cannot conclude that Varela included his current § 2254 claim in those state habeas pleadings.[4]

---

[3]As part of his plea agreement, Varela waived his right to pursue a direct appeal. He did, however, unsuccessfully assert, through counsel, a motion asking the trial court to reconsider his sentence.

[4]The district court did not address exhaustion, denying Varela habeas relief instead after considering this claim's merit. But this court is not bound by the district court's decision not to consider exhaustion. See Medlock v. Ward, 200 F.3d 1314, 1322 (10th Cir. 2000).

3

Despite the fact that Varela has not exhausted his § 2254 claim, this court may still deny habeas relief after addressing the claim's merits. See 28 U.S.C. § 2254(b)(2) (permitting federal court to deny habeas relief, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); see also Patton v. Mullin, 425 F.3d 788, 810 (10th Cir. 2005), cert. denied, 126 S. Ct. 2327 (2006). In order to be entitled to habeas relief, Varela must show both that 1) his attorney's performance was deficient and 2) that deficient performance prejudiced Varela's defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The determination of whether defense counsel's performance is constitutionally ineffective is a mixed question of law and fact that this court reviews de novo.[5] See id. at 698.

We will address first Strickland's prejudice prong. See id. at 697. To establish prejudice, Varela must show that there is a reasonable probability that, absent counsel's deficient performance, the result of the proceeding would have been different. See id. at 695; see also United States v. Gray, 182 F.3d 762, 768 (10th Cir. 1999) (holding prisoner bears burden of proving counsel's deficient performance prejudiced him). In the context of a guilty plea, therefore, Varela

---

[5]Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this court usually applies a deferential standard of review to the state court's decision denying relief. See 28 U.S.C. § 2254(d). But in this case, because we cannot conclude that Varela actually raised his ineffective-assistance claim in the state courts, we do not apply that deferential standard. See Miller v. Champion, 262 F.3d 1066, 1071 (10th Cir. 2001).

4

must establish that, but for counsel's deficient performance, Varela would not have pled guilty but instead "would have insisted on going to trial." United States v. Taylor, 454 F.3d 1075, 1080 (10th Cir. 2006); see also United States v. Harms, 371 F.3d 1208, 1211 (10th Cir. 2004). However, Varela's "mere allegation that he would have insisted on trial but for his trial counsel's errors, although necessary, is ultimately insufficient to entitle him to relief." United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002). "Rather, we look to the factual circumstances surrounding the plea to determine whether the petitioner would have proceeded to trial." Miller, 262 F.3d at 1072.

After conducting an evidentiary hearing, the district court determined in this case that Varela had not shown that he was prejudiced by defense counsel's misrepresentation as to the length of Varela's sentence because the district court found, based upon Varela's testimony, that defense counsel did not make that representation until after Varela had already agreed to the plea agreement. We agree with the district court's determination. See Taylor, 454 F.3d at 1082.

Varela's own testimony before the district court indicated that he agreed to and signed the plea agreement before his attorney asserted that Varela would receive a sentence of between three to five years, or even probation.[6] And

_____

[6]In his § 2254 petition, Varela alleged that his attorney told Varela he would receive probation. But during the evidentiary hearing before the district court, Varela instead testified somewhat inconsistently that his attorney assured him he would receive two years' probation, or five years' probation, or three

(continued...)

5

Varela's plea agreement specifically indicated that Varela was facing up to nine years in prison. Cf. id. at 1080 (rejecting defendant's assertion that, absent defense counsel's inaccurate prediction of the applicable sentencing range, he would have elected to go to trial where, despite counsel's inaccurate prediction, the plea agreement advised the defendant of the maximum sentence he was facing). In addition, Varela appears to concede that the Government's evidence against him was sufficient for the jury to convict him of at least possessing the cocaine underlying his trafficking conviction. See Miller, 262 F.3d at 1075 (noting strength of Government's case is relevant factor to consider when determining whether defendant would have pled guilty, regardless of counsel's deficient performance). In light of this record, Varela has failed to meet his burden of establishing that, but for defense counsel's assertion that Varela would serve less than nine years, he would have elected not to plead guilty and instead to go to trial.

For these reasons, then, we AFFIRM the district court's decision denying

---

[6](...continued)
years' imprisonment, or anywhere from three to five years' imprisonment.

Varela § 2254 relief from his New Mexico conviction for cocaine trafficking.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge