**Michael S. DeLEW; et al.,**
**Plaintiffs—Appellants,**

v.

**William ADAMSON; et al.,**
**Defendants—Appellees.**

No. 07–15948.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 13, 2008.

Filed Sept. 17, 2008.

Daniel T. Foley, Esquire, Foley & Foley, Las Vegas, NV, Timothy M. Rastello, Esquire, Holland & Hart LLP, Boulder, CO, for Plaintiffs–Appellants.

Richard C. Linstrom, Esquire, Jill Carol Davis, Esquire, Deputy Assistant Attorney General, Office of the General Counsel, UNLV, Leeann Phouthavongsay, Esquire, Office of Attorney General, Las Vegas, NV, for Defendants–Appellees.

Before: THOMPSON and WARDLAW, Circuit Judges, and BOLTON,* District Judge.

* The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

MEMORANDUM **

Michael G. DeLew, H. Roy Mayberry, and Vicki Mayberry ("Appellants") appeal a grant of summary judgment in favor of several individual members ("Appellees") of the Nevada Highway Patrol ("NHP"). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand. Specifically, we find that Appellants have adduced sufficient evidence to place in dispute whether Appellees, in conspiracy with members of the Las Vegas Metropolitan Police Department ("Metro"), covered up the true facts surrounding Erin DeLew's death so as to deprive Appellants of meaningful access to the courts in violation of their right to Due Process. *See DeLew v. Wagner*, 143 F.3d 1219 (9th Cir.1998) ("De-Lew I ").

We review a grant of summary judgment *de novo*. *Prison Legal News v. Cook*, 238 F.3d 1145, 1148 (9th Cir.2001). Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "In determining whether summary judgment is appropriate, we view the facts in the light most favorable to the non-moving party and draw reasonable inferences in favor of that party." *Scheuring v. Traylor Bros., Inc.*, 476 F.3d 781, 784 (9th Cir.2007) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). To defeat summary judgment, the opposing parties "must make a showing sufficient to establish a genuine dispute of a material fact regarding the existence of the essential elements of [the] case that [they] must prove at trial." *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir.2007) (citation omitted). On a motion for summary judgment, it is not the province of a district court judge to weigh the evidence. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether [she or] he is ruling on a motion for summary judgment or for a directed verdict.").

The district court erred in its application of the standards for summary judgment by substituting itself as the factfinder. There are numerous genuine issues of material fact precluding summary judgment. Viewing the evidence in the light most favorable to Appellants, as is required, *see, e.g., Scheuring* at 784, a reasonable jury could infer the participation of NHP officers[1] in a conspiracy to deny the Appellants access to the courts. For example: NHP Trooper Wyngard's deposition testimony indicates that he smelled alcohol "on or about" the person of Mrs. Wagner; he did not believe her when she said she had not been drinking; and he "just kind of said okay" when a Metro officer told him not to worry about the odor. NHP Trooper Smith's accident report describes Mrs. Wagner's condition as "[a]pparently normal" and makes no mention of her having consumed alcohol; it assigns Erin DeLew one hundred percent of the fault although Mrs. Wagner stated she was driving about ten miles faster than the posted speed limit; it does not disclose whether Mrs. Wagner

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We acknowledge that Appellants have entered into a settlement with the Las Vegas Metropolitan Police Department. Accordingly, our analysis of the facts focuses on the involvement of members of the NHP. Further, we make no judgment as to the ultimate merit of Appellants' claims.

was driving with her headlights illuminated, although the accident occurred approximately forty-five minutes after sunset; and it contains a witness statement that Mrs. Wagner "came up going … faster than [the] speed limit" although the road was "very dark" and curving, and trees in the median "blocked vision" around the curve. Further, it is disputed whether NHP officers allowed an inordinate amount of time to pass before drawing Mrs. Wagner's blood to test for the presence of alcohol; whether they witnessed and were at least complicit in the inadequacy of the blood draw that did occur; and whether they failed to record any field sobriety or Breathalyzer tests at the scene of the accident, contrary to their normal practices. In light of these genuine issues, among others, from which inferences in favor of Appellants could be drawn by the factfinder, summary judgment was not appropriate.

Appellants' expert declarations independently create genuine issues of material fact. "As a general rule, summary judgment is inappropriate where an expert's testimony supports the non-moving party's case." *Provenz v. Miller*, 102 F.3d 1478, 1490 (9th Cir.1996) (quoting *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1425 (9th Cir.1994)). The existence of conflicting expert assessments suggests that neither party is entitled to summary judgment.

Nor does our holding in *DeLew I* forestall Appellants from progressing with their suit. The DeLews settled their lawsuit against Wagner for her liability insurance policy limit of $100,000. They contend that the diminished available evidence limited their ability to litigate the matter fully. Whether the DeLews are correct depends on a jury's determination of whether or not there was a conspiracy to conceal the true facts: If a jury concludes a cover-up occurred, then the DeLews' settlement of the wrongful death claim for what might be considered less than reasonable to compensate for their loss would indicate their access to the courts was frustrated by the combined actions of NHP and Metro. Conversely, if a jury finds there was no cover-up, then the DeLews' meaningful access to the courts was not impeded. Thus, the holding in *DeLew I* does not preclude the full factual record from being developed at trial.

We reverse the district court's grant of summary judgment and remand with instructions for further proceedings consistent with this memorandum disposition.

**REVERSED AND REMANDED.**