Max M. JOHNSON, Appellant,

v.

John W. TURNER, Warden, Utah State Prison, Appellee.

No. 287–69.

United States Court of Appeals, Tenth Circuit.

July 21, 1970.

---

Phillip Pankoff, Denver, Colo., for appellant.

Lauren N. Beasley, Chief Asst. Atty. Gen., Salt Lake City, Utah (Vernon B. Romney, Atty. Gen., on the brief) for appellee.

Before BREITENSTEIN, SETH and HOLLOWAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

This appeal is taken from a denial of habeas corpus relief sought under 28 U.S.C. § 2254. Appellant Johnson is confined in the Utah State prison under an indeterminate sentence of one to ten years imposed in March, 1968, following a grand larceny conviction. He sought post-conviction relief in the State District Court by assertion of some issues raised here, but was denied such relief after a hearing at which appellant was present and represented by counsel. It appears that then both an appeal from the State trial court's denial of post-conviction relief and an original petition for habeas corpus or coram nobis relief failed in the Utah Supreme Court.

Appellant's federal habeas corpus proceeding was then commenced in April, 1969. The trial court's Memorandum Decision stated that the petition, transcripts and files had been examined; that no issues of substance involving the Constitution or laws of the United States were presented, the petition being without merit; that the Utah District Court had properly considered the questions and denied relief; and that as to State law questions involved, the State Court interpretation was conclusive. The writ was denied in April, 1969, without a hearing and this appeal followed.

Appellant submitted his case in the State Court post-conviction proceeding on the basis of the original trial record and a stipulation as to testimony his trial attorney would have given. From that record, and the transcript of the post-conviction proceeding, the material facts are as follows. Appellant was tried on an information charging grand larceny by taking an electric guitar of a value in excess of $50. The principal prosecution witness, Newell, testified that he operated a music center in American Fork, Utah; that on January 14, 1968, he met with one Rudd and appellant; that Rudd wanted to borrow an electromatic typewriter belonging to Newell; that Newell loaned them the key to his place of business for this purpose; and that appellant picked up the key as Rudd was returning after a short absence from the room. A few days later Newell found that two guitars, including the one in question, and an amplifier were missing from the store. Newell contacted Rudd and appellant about the loss and appellant denied any knowledge of it. When Newell contacted the Sheriff's office a report of the guitar being pawned was found. The instrument was located at a pawnshop whose owner testified appellant pawned the guitar. Newell identified the guitar at trial and said its cost to him was $200.

Unsavory facts about the case disturbed the Utah Courts and concern us.

Newell admitted prior discussion with Rudd and Johnson about a money raising scheme. He conceded that it was a fraudulent plan involving the use of false identification and credit cards but said that he was not to know its details. Apparently Newell was to help raise funds to start the project by allowing use of his personalized checks which he signed. His testimony is unclear as to whether his balance was sufficient at the time to cover the amounts discussed, and he said at one point that his share of the proceeds from the scheme would enable him to cover the checks. Appellant's counsel developed Newell's involvement by cross-examination. The defense theory was that Newell consented to taking of the guitars, and also that Newell was an accomplice whose uncorroborated testimony could not support a conviction. Newell denied giving Rudd or appellant permission to take anything but the typewriter. The State Trial Court observed that Newell's testimony was almost inconceivable, but that this was for the jury to decide.

The pawnshop owner identified the guitar and said appellant had pawned it on January 16. The Sheriff confirmed Newell's report of the loss. He testified that appellant came to his office as requested; that he said they had the key to get the typewriter but could not find it; and that later he went back and took the guitars and the amplifier.

Rudd testified for appellant and detailed the money raising scheme. He said Newell was to put up $300 for obtaining fictitious identification. He said that Newell gave them his key to get the typewriter to type out the checks, but that there was no discussion in his presence about the guitars. The scheme involving the credit cards was not carried out. This was the substance of the defense proof.[1] The jury rejected

the defense and found appellant guilty. His post-conviction proceedings failed in the Utah State Courts and in the Federal District Court, and this appeal followed.

First appellant argues that his trial by eight jurors under Art. I, § 10 of the Utah Constitution deprived him of his federal constitutional rights guaranteed by the Sixth and Fourteenth Amendments. He says that trial by jury carries the meaning recognized in this country and in England when the Constitution was adopted including, among other things, a jury of twelve men. See Patton v. United States, 281 U.S. 276, 288, 50 S.Ct. 253, 74 L.Ed. 854. It is now recognized that the Fourteenth Amendment guarantees jury trial in State Court trial of serious criminal cases which would come within the Sixth Amendment guarantee of trial by jury in the Federal Courts. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L. Ed.2d 491; Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522. From these propositions appellant contends that his trial by a jury of eight infringed his federal constitutional rights.

The historical underpinning of appellant's argument has been removed by the recent decision in Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446. There the Court sustained a robbery conviction by a jury of six in the Florida courts over the same objection made by appellant here. The opinion of the Court held that " * * * the 12-man requirement cannot be regarded as an indispensable component of the Sixth Amendment." Id. at 100, 90 S.Ct. at 1905. Thus the Sixth and Fourteenth Amendments did not bar use of the jury of eight as provided by the Utah Constitution for appellant's trial.[2]

---

1. Appellant attempted to introduce testimony that Newell stated a few days after the loss that he had given permission for the guitars to be taken. The offer was excluded because of the manner of its attempted introduction. Similar proof

was the basis of a motion for a new trial which was denied.

2. Under previous federal constitutional decisions State criminal trials by juries of less than twelve were upheld. See Max-

■ Secondly, it is argued that Newell was an accomplice whose uncorroborated testimony could not support the conviction of appellant. See § 77–31–18, Utah Code Annotated. Insofar as the argument raises merely a point of procedure under Utah law, the issue is not cognizable in this federal habeas corpus proceeding where only claims of violation of federal law are heard. 28 U.S.C. § 2254(a). We see no constitutional issue raised by the contention.

■ Third, appellant says that the guitar in evidence was not shown to be the one which was stolen as described in the information and that other essential proof was lacking. The sufficiency of the evidence to sustain a conviction is not subject to review in our federal habeas corpus proceedings unless the conviction is so devoid of evidentiary support as to raise a due process issue. Mathis v. Colorado, 425 F.2d 1165 (10th Cir.); Edmondson v. Warden, 335 F.2d 608, 609 (4th Cir.). We are satisfied that the record does not present such a constitutional problem.

■ Fourth, appellant says the complaint and information were fatally defective by not stating the criminal statute alleged to have been violated, and by not alleging that the defendant intentionally committed the act. Again insofar as the argument raises merely issues of State law, the contentions are not cognizable in a federal habeas corpus proceeding. The State questions were decided adversely to appellant by the Utah Courts. Assuming that appellant also intends to argue lack of notice and of due process, we are not persuaded by such a constitutional contention. In substance the complaint and information accused appellant of grand larceny, charging that he stole a Mosrite Electric Guitar of a value over $50, belonging to Newell, on January 14, 1968, in Utah County. We are satisfied that appellant was fairly apprised of the nature of the charge and of the facts alleged by the State to constitute the offense so that due process was not infringed. Beauchamp v. United States, 154 F.2d 413 (6th Cir.), cert. denied, 329 U.S. 723, 67 S.Ct. 66, 91 L.Ed. 626; Barber v. Gladden, 327 F.2d 101 (9th Cir.), cert. denied, 377 U.S. 971, 84 S.Ct. 1654, 12 L. Ed.2d 741.

■ Fifth, appellant says that the proffered testimony of one Smith that Newell had stated to him that he gave appellant permission to take the guitars was improperly excluded so that appellant's right to compulsory process was denied under principles recognized in Washington v. Texas, 388 U.S. 14, 87 S. Ct. 1920, 18 L.Ed.2d 1019. The State objects to consideration by us of the issue because it was not presented to the State Courts. The record shows no assertion of this constitutional claim in the Utah Courts or in the Federal District Court and it may not be considered here, absent special circumstances. Garrison v. Patterson, 405 F.2d 696, 698 (10th Cir.); Lucero v. United States, 425 F.2d 172 (10th Cir., opinion filed April 27, 1970). The issue may involve significant interplay with State procedural law and we conclude that we should not consider the substance of the claim which has not been presented to the State Courts.

We have examined the record and other contentions of appellant including an assertion of unconstitutionality of the Utah grand larceny statute, and none are supported by the authorities or by reason. None of appellant's contentions show any infringement of his constitutional rights.

Affirmed.

well v. Dow, 176 U.S. 581, 603–604, 20 S.Ct. 494, 44 L.Ed. 597; and Coates v. Lawrence, 46 F.Supp. 414, 423 (S.D.Ga. 1942), aff'd 131 F.2d 110 (5th Cir. 1942), cert. denied 318 U.S. 759, 63 S.Ct. 532, 87 L.Ed. 1132 (1943).