**Application of Dale Allan ASCHMELLER for a Writ of Habeas Corpus.**

**Civ. No. 75–4038.**

United States District Court,
D. South Dakota, S. D.

Dec. 2, 1975.

Robert J. Burns, Sioux Falls, S. D., for petitioner.

Gene Paul Kean, Minnehaha County State's Atty., Sioux Falls, S. D., for respondent.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

Petitioner seeks habeas corpus relief under the provisions of 28 U.S.C. Sec. 2254 (1970). Petitioner Aschmeller is confined in the South Dakota State Penitentiary under a life sentence imposed in 1971, following a conviction for murder perpetrated in the commission of a felony. The conviction was affirmed by the South Dakota Supreme Court. *State v. Aschmeller*, S.D., 209 N.W.2d 369 (1973).

Petitioner's first premise is that the State of South Dakota, by judicial decision, requires that the corpus delicti of a crime may not be established by the extrajudicial confession of the accused alone. He argues that the corpus delicti of the crime of felony-murder is not satisfied by showing the corpus delicti of murder, but requires the further showing that a felony was committed. The only evidence presented to the jury tending to prove that an independent felony

had been committed, he submits, was the extrajudicial confession of Petitioner.

Petitioner's second premise is that the jury returned a verdict of guilty of felony-murder without sufficient evidence of the independent felony. He argues that the essential element of the independent felony was established solely on the basis of his uncorroborated confession.

■ Petitioner's third premise is that Respondent failed to establish the element of an independent felony by evidence other than the uncorroborated confession and therefore failed to prove this essential element beyond a reasonable doubt. The end result, it is argued, was a deprivation of due process cognizable in an action for writ of habeas corpus. Since Petitioner raised this argument on direct appeal to the South Dakota Supreme Court, *State v. Aschmeller*, S.D., 209 N.W.2d 369, 373–74 (1973), the Court finds that Petitioner has satisfied the requirement of 28 U.S. C. Sec. 2254 (1970) pertaining to exhaustion of state remedies. See, *Hendricks v. Swenson*, 456 F.2d 503, 504 (8th Cir. 1972); *Hughes v. Swenson*, 452 F.2d 866, 867 (8th Cir. 1971).

Petitioner was granted a hearing on his application on August 6, 1975, at which he was present and represented by counsel. Counsel for both sides have briefed the issues and the Court has reviewed the state record and trial transcript. For the reasons below, Petitioner's application for a writ of habeas corpus is denied.

■ A district court may entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U. S.C. Sec. 2254(a) (1970). Petitioner has failed to show that his detention is in violation of the United States Constitution.

■ The requirement of corroboration of an extrajudicial confession of the accused or the corpus delicti rule has never been termed a constitutional requirement. *U. S. ex rel. Hayward v. Johnson*, 508 F.2d 322, 330 (3rd Cir. 1975) (n. 28 citing *Smith v. United States*, 348 U.S. 147, 152–153, 75 S.Ct. 194, 197, 99 L.Ed. 192 (1954)), cert. denied 422 U.S. 1011, 95 S.Ct. 2637, 45 L. Ed.2d 675. Additionally, it should be noted that the requirement of corroboration of the testimony of an accomplice is not a constitutional right. *Johnson v. Turner*, 429 F.2d 1152, 1155 (10th Cir. 1970); *Lee v. Henderson*, 342 F.Supp. 561, 566 (W.D.N.Y.1972); *Wampler v. Warden, Maryland Penitentiary*, 224 F. Supp. 37, 40 (D.Md.1963). The requirement of corroboration in both cases focuses upon the inherently suspect and untrustworthy nature of the respective forms of evidence. Neither has been constitutionally required, however, and a violation of either rule does not raise a question cognizable in a habeas corpus hearing.

■ Petitioner has challenged the sufficiency of the evidence to support the jury verdict of guilty.

It is settled law that the sufficiency of the evidence to support a state conviction raises no federal constitutional question and cannot be considered in a federal habeas corpus proceeding by a state prisoner. *Cunha v. Brewer*, 511 F.2d 894, 898 (8th Cir. 1975).

That case clearly indicates that 28 U.S. C. Sec. 2254 provides relief "only if there is *no* evidence whatever supporting conviction." 511 F.2d at 898. A thorough review of the record discloses no evidentiary infirmity in this respect. Each element of the offense is supported by evidence and the Court finds no due process violations. The confession of the accused may be used to establish essential elements of the offense. Petitioner does not question whether the confession was freely and voluntarily made to police officers, nor the propriety of its admission into evidence.

The Petitioner having failed to raise a constitutional question as required by 28 U.S.C. Sec. 2254, the application for writ of habeas corpus is denied.