[No. 33042-0-I.    Division One.    January 30, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. C.D.W.,
*Appellant*.

*Mark V. Watanabe; Jeanette Brinster* of *Northwest Defenders Association*, for appellant.

*Pamela Kay Ellis Mohr*, for respondent.

PEKELIS, C.J. — C.D.W. appeals his conviction for child rape on the grounds that: (1) the State violated the corpus

delicti rule by relying solely on his confession to prove that sexual intercourse occurred and (2) his confession was improperly admitted because it was taken in violation of his right to counsel and because his waiver of his *Miranda* rights was not knowing and intelligent.

Twelve-year-old N.T. testified that C.D.W. molested him on several occasions. He said that he was 9 years old and C.D.W. was 12 years old when the first incident occurred. N.T. said C.D.W. forced several forms of sexual contact, including coercing N.T. into urinating on him. During his testimony, however, N.T. never said that C.D.W. penetrated him. The only testimony of penetration came from Detective Dan Fordice who testified that C.D.W. admitted he had oral and anal sex with N.T.

## CORPUS DELICTI

On appeal, C.D.W. contends for the first time that his confession should not have been admitted because it violated the corpus delicti rule. "In Washington, a confession, standing alone, is insufficient to establish the corpus delicti of a crime." *State v. Smith*, 115 Wn.2d 775, 780, 801 P.2d 975 (1990). There must be some independent proof that establishes that the crime occurred before the confession can be considered. *Smith*, at 781. The corpus delicti is usually proved by establishing "(1) an injury or loss (*e.g.*, death or missing property) and (2) someone's criminal act as the cause thereof." *Bremerton v. Corbett*, 106 Wn.2d 569, 573-74, 723 P.2d 1135 (1986).

The State concedes that under the corpus delicti rule, there is insufficient independent evidence of sexual intercourse in the record to warrant admission of C.D.W.'s confession. It contends, however, that by failing to object below, C.D.W. waived his right to challenge its compliance with the corpus delicti rule. The State's contention rests on its characterization of the corpus delicti rule as a rule of evidence which is not constitutionally grounded. C.D.W., on the other hand, contends that the corpus delicti rule is best characterized as a sufficiency of the evidence argument. The significance of the characterization is that whether sufficient

evidence exists to support a conviction constitutes an issue of constitutional magnitude which can be raised for the first time on appeal. *State v. Alvarez*, 74 Wn. App. 250, 255, 872 P.2d 1123 (1994).

■■ We hold that the corpus delicti rule is a rule of evidence not a sufficiency of the evidence requirement. Our Supreme Court has held that the corpus delicti rule is judicially created, not constitutionally mandated. *Corbett*, 106 Wn.2d at 576. Thus, the Supreme Court has impliedly recognized that the corpus delicti rule is not a constitutional sufficiency of the evidence requirement but rather a judicially created rule of evidence requiring proper foundation to be laid before a confession is admitted into evidence.

This interpretation finds support in the fact that the federal courts themselves have replaced the requirement that the elements of the corpus delicti be independently corroborated with a less stringent corroboration rule. *Opper v. United States*, 348 U.S. 84, 99 L. Ed. 101, 75 S. Ct. 158, 45 A.L.R.2d 1308 (1954); *Landsdown v. United States*, 348 F.2d 405, 409 (5th Cir. 1965).[1] If independent corroboration of the corpus delicti were constitutionally required in order to satisfy sufficiency of the evidence considerations, that requirement could not have been so easily abandoned.

Moreover, other state courts have concluded that the corpus delicti rule is a rule of evidence. *See, e.g., People v. Sally*, 12 Cal. App. 4th 1621, 1627-28, 16 Cal. Rptr. 2d 161, 164-65, *review denied* (Apr. 21, 1993); *State v. Beverly*, 224 Conn. 372, 375, 618 A.2d 1335, 1336 (1993); *State v. Grant*, 284 A.2d 674, 675 (Me. 1971). The California Supreme Court has, therefore, concluded that the failure to object precludes appellate review because "[i]t may well be that 'proof of the corpus delicti was available and at hand during the trial, but that in the absence of [a] specific objection calling for such

---

[1] The State asks us to abandon our version of the corpus delicti rule and affirm the conviction under the federal corroboration rule. Given that the issue of compliance with the corpus delicti rule was waived, we need not reach this issue. We note, however, that despite an opportunity to do so, the Supreme Court recently refused to reexamine the rule. *See Smith*, 115 Wn.2d at 784.

proof it was omitted.' " *People v. Wright*, 52 Cal. 3d 367, 404, 802 P.2d 221, 245, 276 Cal. Rptr. 731 (1990) (quoting *People v. Mitchell*, 239 Cal. App. 2d 318, 322, 48 Cal. Rptr. 533, 536 (1966)), *cert. denied*, 502 U.S. 834 (1991).

We agree with this analysis. The failure to comply with the corpus delicti rule is a nonconstitutional error requiring a proper objection below. Having failed to object, C.D.W. has waived his right to raise the issue on appeal.

However, such waiver does not necessarily mean that the State ultimately prevails. We must address C.D.W.'s contention that if his attorney waived his right to challenge the State's compliance with the rule, such conduct constituted ineffective assistance of counsel.

■■ In order to prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that counsel was deficient and (2) that the deficient performance prejudiced the defense. *State v. Tarica*, 59 Wn. App. 368, 373-74, 798 P.2d 296 (1990). In analyzing the first prong, the court must decide whether defense counsel's actions constituted a tactical decision which was part of the normal process of formulating a trial strategy. *See, e.g., Tarica*, at 373. In *Tarica*, the court concluded that no conceivable tactical advantage could be gained by failing to make a pretrial motion to suppress evidence obtained during a questionable search. *Tarica*, at 373. Likewise, the failure to raise the issue of the corpus delicti rule in this case cannot be characterized as a trial strategy; it appears to be simply an inexcusable omission on the part of defense counsel.

The second prong of the test is also met in this case. Given that the State concedes that the corpus delicti rule was violated, it is axiomatic that if defense counsel had objected, C.D.W.'s confession would not have been admitted, at least not unless the State was able to present corroborating evidence of penetration. Because the confession was the only evidence of one of the elements of child rape, it is clear that had it not been admitted, C.D.W. would have been acquitted

of that charge. Thus, C.D.W.'s conviction is reversed and remanded for a new trial.[2] *See Tarica*, at 379.

The remainder of this opinion, wherein we address C.D.W's other assignments of error, all of which relate to his confession, has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions. *See* RCW 2.06.040.

BECKER and SCHULTHEIS, JJ., concur.

---

[2]It follows from our holding that the corpus delicti rule is an evidentiary rule, that the proper remedy for its violation is not dismissal, but remand for a new trial.