176 P.3d 597 (2008)
STATE of Washington, Appellant,
v.
Keith Ian DOW, Respondent.
No. 34802-1-11.
Court of Appeals of Washington, Division 2.
February 5, 2008.
*598 J. Tobin Krauel, National Crime Victim's Law Institute, Portland, OR, Michelle Nisle, Cowlitz County Prosecuting, Kelso, WA, for Appellant.
John A. Hays, Attorney at Law, Longview, WA, for Respondent.
QUINN-BRINTNALL, J.
¶ 1 The State appeals an order dismissing first degree child molestation charges against Keith Ian Dow.
¶ 2 RCW 10,58.035 provides that a defendant's trustworthy statement may be admitted as substantive evidence when the alleged victim of a crime has died or is incompetent to testify at trial. Finding this statute unconstitutional, the trial court refused to apply it and required that the State prove corpus delicti through independent evidence before admitting Dow's trustworthy statements. When the State failed to supply such evidence, the trial court dismissed the charges. Although we share the trial court's concerns, we agree with the State that Dow has not met his burden of proving RCW 10.58.035 unconstitutional beyond a reasonable doubt. See, e.g., State v. Myles, 127 Wash.2d 807, 812, 903 P.2d 979 (1995). Accordingly, we reverse and remand for application of the statutory factors to Dow's statement and for further appropriate proceedings.

FACTS
¶ 3 The Cowlitz County prosecutor charged Dow by amended information with one count of first degree child molestation,[1] *599 committed on or about September 9, 2005. Following a pretrial hearing, the trial court found that the four-year-old victim, who was three at the time of the alleged offense, was not competent to testify and that her statements to others were not admissible.[2]
¶ 4 Dow then moved to suppress the statements he made during a police interview, arguing that these statements were inadmissible because of lack of corpus delicti.[3] The State conceded that, without the alleged victim's statements, it lacked independent evidence to establish corpus delicti, but it argued that Dow's statements were admissible under RCW 10.58.035 which provides:
(1) In criminal and juvenile offense proceedings where independent proof of the corpus delicti is absent, and the alleged victim of the crime is dead or incompetent to testify, a lawfully obtained and otherwise admissible confession, admission, or other statement of the defendant shall be admissible into evidence if there is substantial independent evidence that would tend to establish the trustworthiness of the confession, admission, or other statement of the defendant.
(2) In determining whether there is substantial independent evidence that the confession, admission, or other statement of the defendant is trustworthy, the court shall consider, but is not limited to:
(a) Whether there is any evidence corroborating or contradicting the facts set out in the statement, including the elements of the offense;
(b) The character of the witness reporting the statement and the number of witnesses to the statement;
(c) Whether a record of the statement was made and the timing of the making of the record in relation to the making of the statement; and/or
(d) The relationship between the witness and the defendant.
(3) Where the court finds that the confession, admission, or other statement of the defendant is sufficiently trustworthy to be admitted, the court shall issue a written order setting forth the rationale for admission.
(4) Nothing in this section may be construed to prevent the defendant from arguing to the jury or judge in a bench trial that the statement is not trustworthy or that the evidence is otherwise insufficient to convict.
¶ 5 The trial court held a hearing on the admissibility of Dow's statement. At the hearing, the State supplied the trial court with a 21-page transcript of the taped police interview, and the police officer who conducted the interview testified that she interviewed Dow at his mother's house in Portland, Oregon, with two other officers present; that Dow was very cooperative; that the interview environment was "very comfortable"; that nothing "coercive or hostile" took place during the course of the interview; and that she arrested Dow at the end of the interview. Report of Proceedings at 6.
¶ 6 In its written findings of fact, the trial court stated:
The court had reviewed the evidence available to the state, which includes the transcript of an interview conducted by a police [sic] with the defendant, which the state seeks to admit into evidence against the defendant. The state concedes there is no other available evidence against the defendant in this case.
Clerk's Papers (CP) at 5-6.
¶ 7 In its written conclusions of law, it stated:
2. The corpus delicti rule traditionally followed by the courts in the State of Washington provides that the confession or admission of the defendant charged with a crime cannot [be] used to prove the defendant's guilt in the absence of independent *600 evidence establishing a prima facie case against the defendant.
3. In regard to the state's contention that the enactment of RCW 10.58.035 reflects the intent of the Washington State Legislature to depart from the traditional corpus delicti rule, a review of the legislative history of the enactment of "this statute does reflect that the legislature did indicate intent to adopt what was described as the "trustworthiness" enunciated by the United State's [sic] Supreme Court and Opper v. United States.

4. In reviewing that case and its progeny, it is apparent that the standard for admission by these federal cases is that there is a corroboration requirement that is two pronged: first, although the state may not introduce independent evidence of the corpus delicti in conformance with the traditional test, it must introduce sufficient evidence that the criminal conduct at the core of the offense has occurred. Second, it must introduce independent evidence tending to establish the trustworthiness of the admissions, unless the confession is, by virtue of special circumstances, inherently reliable. Only when both of these prongs are satisfied will the evidence be deemed sufficient in a case in which the conviction depends in part on such admission.
5. In order to satisfy minimum due process requirements in Washington State courts, while the legislature has the ability to modify the corpus delicti rule as a rule of evidence, the Opper standard which consists of the two prong test set forth above, represents the requirements that at a minimum must be satisfied in order to guarantee the due process rights of defendants in Washington State courts.

6. In regard to the trustworthiness prong of the above test, which is always a preliminary threshold issue to be resolved by the trial court, the statements in issue satisfy that prong of the test.
7. However, in regard to the first prong of the test requiring sufficient evidence to establish that the criminal conduct at the core of the offense charged against this defendant has occurred, there is simply insufficient evidence to satisfy that prong of the test and as a result, the statement of the defendant is inadmissible in evidence.

CP at 6-7 (emphasis added).
¶ 8 The State admitted that, without Dow's statements, it could not proceed. The trial court dismissed the charge and the State appeals. RAP 2.2(b)(2).[4]
¶ 9 In this case of first impression, we address whether the trial court properly required the State to establish by independent evidence that the criminal conduct at the core of the offense charged occurred before admitting Dow's trustworthy statement under RCW 10.58.035.

ANALYSIS
¶ 10 Generally, whether evidence will be admitted at trial is an issue for the sound exercise of the trial court's discretion. State v. Wade, 138 Wash.2d 460, 463-64, 979 P.2d 850 (1999). Determining admissibility under RCW 10.58.035, however, is a mixed question of law and fact. We review the trial court's application of the statute under the error of law standard,[5] and we review the trial court's finding of the trustworthiness of Dow's statement for substantial evidence.[6]
¶ 11 When it enacted RCW 10.58.035, the legislature intended to change the corpus delicti standard to provide that a defendant's trustworthy confessions, admissions, and statements shall be admissible in cases where, because the alleged victim had died or was incompetent to testify, the State could *601 not present independent evidence establishing the corpus delicti of the crime. Here, the trial court found that Dow's statement to police was trustworthy, but ruled that it was not admissible because the State had failed to introduce independent evidence that the criminal conduct at the core of the offense had occurred. The State argues that the trial court failed to properly apply the factors set out in RCW 10.58.035 and, thus, erred in ruling that Dow's statement to police was inadmissible as a matter of law. We agree.
¶ 12 The corpus delicti rule is an evidentiary rule that establishes the foundational requirements for admitting a defendant's statements or admissions. State v. Brockob, 159 Wash.2d 311, 327-28, 150 P.3d 59 (2006); State v. Aten, 130 Wash.2d 640, 656, 927 P.2d 210 (1996); State v. C.D.W., 76 Wash.App. 761, 763, 887 P.2d 911 (1995) (citing City of Bremerton v. Corbett, 106 Wash.2d 569., 576, 723 P.2d 1135 (1986)). And our. Supreme Court has held that the corpus delicti rule, particularly the requirement that, the State establish some independent corroboration that the offense occurred, is judicially created, not constitutionally mandated.
Unlike the principles enunciated in Miranda v. Arizona, [384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966),] and the development of similar constitutional doctrines relating to the voluntariness of confessions, the corpus delicti rule does not have a constitutional source; it is traceable to English law and was early established in America.
Corbett, 106 Wash.2d at 576, 723 P.2d 1135 (emphasis added); see also C.D.W., 76 Wash.App. at 763, 887 P.2d 911.
¶ 13 Although these cases support the State's assertion that Washington's version of the corpus delicti rule is not a constitutional standard, they do not address whether the federal version of the corpus delicti rule is a constitutional standard.[7] To determine that issue, we must examine whether the corroboration rule discussed in Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954), United States v. Lopez-Alvarez, 970 F.2d 583, cert. denied, 506 U.S. 989, 113 S.Ct. 504, 121 L.Ed.2d 440 (1992), and related cases is based in common law, in which case the legislature may alter it by statute, or whether it is a statement of the minimal due process requirements established in the federal constitution.
¶ 14 In Opper, our nation's highest court stated that the State is not required to establish corpus delicti independently of a defendant's statement, but it is required to show that a defendant's statement is reliable before it can be admitted. 348 U.S. at 93-94, 75 S.Ct. 158. The Court did not state that this requirement was a constitutional requirement; instead, it recognized that the corroboration requirement was based on an expansion of the common law and general concepts of justice:
In the United States our concept of justice that finds no man guilty until proven has led our state and federal courts generally to refuse conviction on testimony concerning confessions of the accused not made by him at the trial of his case. . . . See Warszower v. United States, 312 U.S. 342, 345 [n. 2; 61 S.Ct. 603, 85 L.Ed. 876 (1941)]. We have gone further in that direction than has the common law of England. There the courts have been hesitant to lay down a rule that an uncorroborated extrajudicial confession may not send an accused to prison or to death. In our country the doubt persists that the zeal of the agencies of prosecution to protect the peace, the self-interest of the accomplice, the maliciousness of an enemy or the aberration or weakness of the accused under the strain of suspicion may tinge or warp the facts of the confession.
Opper, 348 U.S. at 89-90, 75 S.Ct. 158 (footnote omitted).
*602 ¶ 15 Similarly, in Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954), the Court stated:
The general rule that an accused may not be convicted on his own uncorroborated confession has previously been recognized by this Court, Warszower[, 312 U.S. at 345 n. 2, 61 S.Ct. 603]; Isaacs v. United States, 159 U.S. 487, 16 S.Ct. 51, 40 L.Ed. 229 [ (1895) ]; cf. Miles v. United States, 103 U.S. 304, 311-12, 26 L.Ed. 481 [(1880)], and has been consistently applied in the lower federal courts and in the overwhelming majority of state courts, Forte v. United States, 94 F.2d 236 [(1937)]. . . . Its purpose is to prevent "errors in convictions based upon untrue confessions alone," Warszower[ 312 U.S. at 347, 61 S.Ct. 603]; its foundation lies in a long history of judicial experience with confessions and in the realization that sound law enforcement requires police investigations which extend beyond the words of the accused. Confessions may be unreliable because they are coerced or induced, and although separate doctrines exclude involuntary confessions from consideration by the jury, Bram v. United States, [168 U.S. 532, 542-43, 18 S.Ct. 183, 42 L.Ed. 568 (1897)]; Wilson v. United States, [162 U.S. 613, 622-23, 16 S.Ct. 895, 40 L.Ed. 1090 (1896)], further caution is warranted because the accused may be unable to establish the involuntary nature of his statements. Moreover, though a statement may not be "involuntary" within the meaning of this exclusionary rule, still its reliability may be suspect if it is extracted from one who is under the pressure of a police investigationwhose words may reflect the strain and confusion attending his predicament rather than a clear reflection of his past. Finally, the experience of the courts, the police and the medical profession recounts a number of false confessions voluntarily made, Note, 28 Ind. L.J. 374. These are the considerations which justify a restriction on the power of the jury to convict, for this experience with confessions is not shared by the average juror. Nevertheless, because this rule does infringe on the province of the primary finder of facts, its application should be scrutinized lest the restrictions it imposes surpass the dangers which gave rise to them.
Smith, 348 U.S. at 152-53, 75 S.Ct. 194 (emphasis added).
¶ 16 Nor do these controlling cases set out a common law basis for the corroboration rule; they note that the corroboration rule is a judicially-created exclusionary rule, necessary only to protect a defendant from being convicted based on unreliable evidence that can easily be misconstrued by a jury. Our Supreme Court thus recognized that a trial court is in a better position to evaluate the weight of particular evidence (defendant's statements) in light of the surrounding circumstances, which suggests that the corroboration rule is evidentiary and not constitutionally based.
¶ 17 The Smith Court also noted that, although its application was later expanded, the corroboration requirement was given limited application at its inception, applying only to serious crimes of violence, which were at the time capital offenses. 348 U.S. at 153-54, 75 S.Ct. 194. This limitation is an additional indication that the corroboration requirement was not constitutionally based; had it been a constitutional limitation, it would have applied across the board at its inception.
¶ 18 Nine years later, in Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), the Court reiterated that the corroboration requirement was judicially, not constitutionally, created, stating:
It is a settled principle of the administration of criminal justice in the federal courts that a conviction must rest upon firmer ground than the uncorroborated admission or confession of the accused. We observed in [Smith, 348 U.S. at 153, 75 S.Ct. 194], that the requirement of corroboration is rooted in "a long history of judicial experience with confessions and in the realization that sound law enforcement requires police investigations which extend beyond the words of the accused."
Wong Sun, 371 U.S. at 488-89, 83 S.Ct. 407 (footnote omitted) (quoting Smith, 348 U.S. at 153, 75 S.Ct. 194).
*603 ¶ 19 And the federal courts have continued to recognize that the corroboration rule is not constitutionally based. In Lopez-Alvarez, the court stated that the corroboration standard arose "from the high incidence, of false confessions and the resulting need to prevent `errors in convictions based upon untrue confessions alone,'" and from "the belief that `a system of criminal law enforcement which comes to depend on the "confession" will, in the long run, be less reliable and more subject to abuses than a system depends on extrinsic evidence independent secured through skillful investigation.'" 970 F.2d at 589 & n. 5 (quoting Escobedo v. Illinois, 378 U.S. 478, 488-89, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); Warszower, 312 U.S. at 347, 61 S.Ct. 603). It further stated that the. Court had established this approach in Wong Sun. Lopez-Alvarez, 970 F.2d at 591 (citing Wong Sun, 371 U.S. 471, 83 S.Ct. 407). But it also noted that the Smith Court held there could be circumstances where independent corroboration was not required because the circumstances of the admission were sufficient to establish its reliability absent this proof. Lopez-Alvarez, 970 F.2d at 589-90 n. 6.
¶ 20 Additionally, in In re Application of Aschmeller, 403 F.Supp. 983 (S.D.S.D.1975), aff'd, 534 F.2d 830 (8th Cir.1976), the court stated:
The requirement of corroboration of an extrajudicial confession of the accused or the corpus delicti rule has never been termed a constitutional requirement. [United States] ex rel. Hayward v. Johnson, 508 F.2d 322, 330 (3rd Cir.) (n. 28 citing Smith[ 348 U.S. at 152-53, 75 S.Ct. 194] ), cert. denied, 422 U.S. 1011[, 95 S.Ct. 2637, 45 L.Ed.2d 675 (1975) ]. Additionally, it should be noted that the requirement of corroboration of the testimony of an accomplice is not a constitutional right. Johnson v. Turner, 429 F.2d 1152, 1155 (10th Cir.1970); Lee v. Henderson, 342 F.Supp. 561, 566 (W.D.N.Y.1972); Wampier v. Warden, Maryland Penitentiary, 224 F.Supp. 37, 40 (D.Md.1963). The requirement of corroboration in both cases focuses upon the inherently suspect and untrustworthy nature of the respective forms of evidence. Neither has been constitutionally required, however, and a violation of either rule does not raise a question cognizable in a habeas corpus hearing.
403 F.Supp. at 985.
¶ 21 Thus, case law weighs heavily against the trial court's conclusion here that corroboration was a federal constitutional requirement.[8]
¶ 22 We conclude that the independent evidence or corroboration requirement is not constitutionally based and that there is no constitutional impediment to admitting a defendant's statements found trustworthy under RCW 10.58.035(1). Thus, the trial court erred when it excluded Dow's statement on that basis.
¶ 23 Dow argues that, although the legislature clearly intended to adopt the Opper standard, because RCW 10.58.035(2)(a) is cast as a factor rather than an independent requirement, it failed to do so. See E.H.B. 1427, 58th Leg., Reg. Sess. (Wash.2003); compare Lopez-Alvarez, 970 F.2d 583. The problematic provision reads, "Whether there is any evidence corroborating or contradicting the facts set out in the statement, including the elements of the offense." RCW 10.58.035(2)(a) (emphasis added). We note that the provision seems oxymoronic. To be relevant, evidence must either corroborate or contradict the defendant's statement or the elements of the offense. Thus, ROW 10.58.035(2)(a) adds little to the analysis the trial court necessarily undertakes in evaluating the trustworthiness of the confession, admission, or statement. And Dow has not presented a persuasive argument or authority demonstrating how the wording results in faulty analysis or in the admission of an unreliable confession, admission, or statement.
*604 ¶ 24 Assuming arguendo that the corpus delicti rule is grounded in due process principles, RCW 10.58.035 satisfies the core due process requirement that the defendant receive a fair trial and requires that he not be convicted on the basis of an unreliable confession by demanding some indication of reliability before a defendant's inculpatory statement is submitted to a jury. In addition, the statute ensures that the defendant may argue to the trier of fact that the statement is not trustworthy or is otherwise insufficient to support a conviction. The requirement that there be some indicia of reliability before the statement is admitted, and that the defendant be able to argue unreliability or insufficiency, protects the defendant from being convicted based solely on an unreliable statement. And nothing indicates that these requirements fall below those analyzed in Opper. RCW 10.58.035 is a lawful exercise of legislative authority and the trial court erred by refusing to analyze the admissibility of Dow's trustworthy statement under the factors set out in that statute.
¶ 25 I agree with both my learned colleagues. The corpus delecti rule is not constitutionally based and it addresses both admissibility and sufficiency of evidence. RCW 10.58.035 is a valid refinement of the corpus delecti rule but it addresses only admissibility, not sufficiency. As the dissent points out, RCW 10.58.035 does not change our long-standing rule that a confession alone will not support a finding of guilt; to support a conviction, the State must establish a corpus delecti by proof independent of the confession.
¶ 26 In this case, it is premature to dismiss. On remand, the trial court should consider admissibility of the confession as set forth in the majority. The defense may file a Knapstad motion and the trial court should consider in that context whether independent proof of a corpus delecti exists. In spite of the State's concessions in the record, the proper place to address these or other deficiencies in the State's case is at such a Knapstad hearing. Thus, I would hold that the dissent's call for dismissal comes too soon.
¶ 27 Accordingly, we reverse and remand for the trial court to apply each of the factors set out in RCW 10.58.035[9] to Dow's statement and determine its admissibility and for any such further hearings as may be appropriate.[10]
PENOYAR, J. (concurring).
¶ 28 I concur in the reasoning and the result of the majority. I also agree with the dissent, however, that a conviction cannot stand unless the State establishes a corpus delicti that a crime has occurred, independent from any confession. Thus, the fact that a confession may be admissible under RCW 10.58.035 does not mean that the confession, standing alone and regardless of its content, is sufficient for conviction. In this particular case, the correct course is to remand to the trial court for a Knapstad[11] *605 hearing, a trial or any other appropriate proceeding.
HOUGHTON, C.J. (dissenting).
¶ 29 I respectfully dissent. Although I agree with the majority that the corpus delicti rule does not derive from the constitution, its purpose is to ensure that sufficient evidence supports criminal conviction. RCW 10.58.035 establishes standards for admitting uncorroborated confessions into evidence, but it does not abrogate the long line of cases holding that uncorroborated confessions are insufficient to establish the defendant's guilt. Accordingly, I would affirm the trial court's dismissal of charges against Keith Ian Dow but on alternative grounds, I would hold that absent independent proof that a crime occurred, his statements are insufficient to establish guilt as a matter of law.
¶ 30 The majority opinion at page 601, states, "The corpus delicti rule is an evidentiary rule that establishes the foundational requirements for admitting a defendant's statements or admissions." But the corpus delicti rule does not merely set a standard for the admission of statements into evidence, it establishes that an uncorroborated confession is insufficient evidence to sustain a conviction as a matter of law unless independent proof shows that a crime occurred. State v. Aten, 130 Wash.2d 640, 655, 927 P.2d 210 (1996); see also John W. Strong et al., 1 McCormick on Evidence § 145, at 525 (5th ed. 1999) ("There is no justification for treating the rule as one related to admissibility of defendant's admissions; the requirement should be only one of evidence sufficiency.").
¶ 31 Corpus delicti means "`body of the crime" and prevents convictions for crimes that never occurred. Aten, 130 Wash.2d at 655, 927 P.2d 210 (quoting 1 McCormick on Evidence § 145, at 557 (4th ed.1992)). The corpus delicti rule requires proof of (1) an injury or loss and (2) a criminal act that caused it. City of Bremerton v. Corbett, 106 Wash.2d 569, 573-74, 723 P.2d 1135 (1986). Our Supreme Court articulated this standard in Aten, 130 Wash.2d at 656, 927 P.2d 210:
The confession of a person charged with the commission of a crime is not sufficient to establish the corpus delicti, but if there is independent proof thereof, such confession may then be considered in connection therewith and the corpus delicti established by a combination of the independent proof and the confession.
(Quoting State v. Meyer, 37 Wash.2d 759, 763-64, 226 P.2d 204 (1951).) And our courts continue to follow the Aten rule to require independent evidence corroborating confessions. See, e.g., State v. Baxter, 134 Wash. App. 587, 596, 141 P.3d 92 (2006); State v. Rooks, 130 Wash.App. 787, 802, 125 P.3d 192 (2005), review denied, 158 Wash.2d 1007, 143 P.3d 830 (2006).
¶ 32 RCW 10.58.035 purports to limit this rule by providing that a trustworthy admission of the defendant is admissible as evidence even absent independent proof of the corpus delicti. But the statute does not limit the long standing, deeply imbedded rule that an uncorroborated confession is insufficient evidence to support a conviction. The State admitted it did not have any direct evidence that sexual contact actually occurred without the confession. Absent such proof, only Dow's statements could establish whether any criminal conduct took place. But the corpus delicti rule does not permit this result.
¶ 33 Accordingly, I would affirm the trial court but on different grounds. Therefore, I dissent.
NOTES
[1] RCW 9A.44.083(1) provides:

A person is guilty of child molestation in the first degree when the person has, or knowingly causes another person under the age of eighteen to have, sexual contact with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim.
RCW 9A.44.010(2) provides: "`Sexual contact' means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party."
[2] The State conceded this issue.
[3] Dow does not challenge the voluntariness of his statements nor their admissibility under CrR 3.5.
[4] RAP 2.2(b) provides in relevant part:

[T]he State or a local government may appeal in a criminal case only from the following superior court decisions and only if the appeal will not place the defendant in double jeopardy:
. . . .
(2) . . . A pretrial order suppressing evidence, if the trial court expressly finds that the practical effect of the order is to terminate the case.
[5] "The choice, interpretation, or application of a statute to a set of facts is a matter of law reviewed de novo." State v. Law, 110 Wash.App. 36, 39, 38 P.3d 374 (2002).
[6] See State v. Johnson, 115 Wash.App. 890, 897, 64 P.3d 88 (2003).
[7] Division One of this court noted in C.D.W. that the conclusion that corpus delicti is not constitutionally based "finds [additional] support in the fact that the federal courts themselves have replaced the requirement that the elements of the corpus delicti be independently corroborated with a less stringent corroboration rule." 76 Wash.App. at 763, 887 P.2d 911 (citing Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954); Landsdown v. United States, 348 F.2d 405, 409 (5th Cir.1965)).
[8] Although Dow briefly mentions the State Constitution, he appears to concede that the due process standards are the same under the federal and state constitutions. See State v. Fortune, 128 Wash.2d 464, 475, 909 P.2d 930 (1996) (in absence of argument, we will construe the state due process clause consistently with the federal due process clause). Accordingly, we have addressed only the federal due process issue.
[9] We note that the lenient corpus delicti requirements of RCW 10.58.035 do not lessen the State's burden of proving the elements of the charged offense beyond a reasonable doubt. Nor do they alter the legal requirement that a defendant's conviction will be affirmed only when the record contains sufficient evidence from which any jury could find the defendant committed each element of the charged offense beyond a reasonable doubt. See State v. Green, 94 Wash.2d 216, 616 P.2d 628 (1980).
[10] We note that, on this record, the trial court could have dismissed the charge for insufficient evidence under State v. Knapstad, 107 Wash.2d 346, 729 P.2d 48 (1986), that issue is not before us. In Finding of Fact No. 3, the trial court specifically found that the only evidence against Dow was his statement; and in Finding of Fact No. 6, it found that the statement was ultimately exculpatory rather than sufficient to support a conviction. The State does not challenge these findings, and they are verities on appeal. Brockob, 159 Wash.2d at 343, 150 P.3d 59. These findings clearly establish that the trial court could have dismissed the case without prejudice under Knapstad. But the record also shows that because the State objected that it had not had the opportunity to present all the relevant evidence at the corpus delicti hearing, the trial court did not decide the motion to dismiss under Knapstad. Therefore, where the trial court did not decide the Knapstad motion because the State contended that it had not had sufficient time to respond, we do not address Dow's alternate motion to dismiss under Knapstad.
[11] Suite v. Knapstad, 107 Wash.2d 346, 729 P.2d 48 (1986).