[No. 81243-8. En Banc.]
Argued May 14, 2009.     Decided February 11, 2010.

THE STATE OF WASHINGTON, *Respondent*, v. KEITH IAN DOW, *Petitioner*.

*John A. Hays*, for petitioner.

*Susan I. Baur, Prosecuting Attorney*, and *Amie L. Hunter, Deputy*, for respondent.

¶1 C. JOHNSON, J. — This case involves a challenge to the application of RCW 10.58.035, a statute concerning the corpus delicti rule. RCW 10.58.035 permits a lawfully obtained and otherwise admissible statement of a defendant to be admitted when independent proof of the crime is absent, the alleged victim is dead or incompetent to testify, and the defendant's statement is found trustworthy based on a nonexclusive set of statutory factors that a trial court must consider. The State charged Keith Ian Dow with one count of first degree child molestation. The trial court found the alleged victim, a three-year-old child, was incompetent to testify. The only evidence the State had was Dow's own statement to the police; the State conceded this point to the trial court and again on appeal. The trial court found this statement to be trustworthy based on its application of the nonexclusive factors in RCW 10.58.035(2). Ultimately, the trial court also found the statement to be exculpatory and that the State lacked sufficient evidence to convict. The trial court dismissed Dow's case based on its finding that the statute fell below federal constitutional due process standards required under the federal corpus delicti rule. The Court of Appeals, in a split decision, reversed the trial court. *State v. Dow*, 142 Wn. App. 971, 176 P.3d 597 (2008). It held that corpus delicti is a judicially created rule that originated in the common law (i.e., it was not constitutionally mandated). However, the Court of Appeals noted that RCW 10.58.035 addresses only admissibility and not sufficiency, thereby leaving intact the requirement that a defendant may not be convicted based on his or her confession alone. Although the Court of Appeals majority correctly

recognized this principle, it reversed the dismissal and remanded the case to the trial court for a new hearing. We agree with the Court of Appeals that the statute is constitutional, but we disagree that the case needs to be remanded because, in this case, the State lacked any other evidence to proceed with the prosecution.

## FACTS

¶2 The Cowlitz County prosecutor charged Keith Ian Dow with one count of first degree child molestation. At the time of the alleged offense, the child was three. Though the child was four by the time of the trial, the court found and the State conceded that the child was incompetent to testify and that her statements to others about the alleged offense were inadmissible. No persons other than Dow and the child were present at the time of the alleged offense.

¶3 During a recorded police interview, Dow made statements in which he recounted the events surrounding the alleged offense. The trial court found these statements to be exculpatory and not an admission. The State sought to introduce Dow's statements as substantive evidence that he committed the crime charged. Dow moved to exclude these statements, arguing they were inadmissible for lack of corpus delicti.[1]

¶4 The State conceded that, without the victim's statement, it lacked any evidence independent of Dow's statement to establish the corpus delicti. But the State argued Dow's statements were admissible under RCW 10.58.035, a statutory modification of the corpus delicti rule applicable where the victim is dead or incompetent to testify. The trial court held a hearing and entered findings on the admissibility of Dow's statement.

¶5 In finding of fact (FF) 3, the trial court stated, "The court had reviewed the evidence available to the state,

---

[1] "Corpus delicti" means "'body of the crime'" and prevents convictions for crimes that never occurred. *State v. Aten*, 130 Wn.2d 640, 655, 927 P.2d 210 (1996) (quoting 1 McCormick on Evidence § 145, at 227 (John W. Strong ed., 4th ed. 1992)).

which includes the transcript of an interview . . . with the defendant, which the state seeks to admit into evidence against the defendant. The state concedes there is no other available evidence against the defendant in this case." Clerk's Papers at 5-6. In FF 6, after it reviewed the transcript, the trial court found the contents of the defendant's statement ultimately to be exculpatory and insufficient to convict Dow of the crime charged.

¶6 In its written conclusions of law, the trial court found that, notwithstanding the statute, the State must at least satisfy the corroboration standard adopted in *Opper v. United States*, 348 U.S. 84, 75 S. Ct. 158, 99 L. Ed. 101 (1954) (requiring corroborative evidence independent of the defendant's confession to support the conviction). In doing so, the trial court reasoned the *Opper* standard constituted a federal constitutional minimum due process standard. In dismissing the charge, the trial court ruled that Dow's statement was inadmissible because RCW 10.58.035 falls below the *Opper* standard, violating the Fifth Amendment to the United States Constitution, and was thus unconstitutional.

¶7 The Court of Appeals reversed in a split, published decision. *Dow*, 142 Wn. App. 971. We granted review and now reverse.

## ISSUES

¶8 Is RCW 10.58.035 constitutional, or does it impermissibly erode the requirements of the corpus delicti doctrine?

## STANDARD OF REVIEW

■■ ¶9 Generally, we review a trial court's decision of whether evidence is admissible for abuse of discretion. *State v. Wade*, 138 Wn.2d 460, 463-64, 979 P.2d 850 (1999). But determining the admissibility of a defendant's statement under RCW 10.58.035 is a mixed question of law and fact. The application of law is reviewed de novo. *State v.*

*Law*, 110 Wn. App. 36, 39, 38 P.3d 374 (2002). Further, the trial court ruled that RCW 10.58.035 is unconstitutional, which we review de novo.

## ANALYSIS

■ ¶10 The corpus delicti doctrine generally is a principle that tests the sufficiency or adequacy of evidence, other than a defendant's confession, to corroborate the confession. *State v. Brockob*, 159 Wn.2d 311, 327-28, 150 P.3d 59 (2006). The purpose of the rule is to ensure that other evidence supports the defendant's statement and satisfies the elements of the crime. Where no other evidence exists to support the confession, a conviction cannot be supported solely by a confession. The purpose of the corpus delicti rule is to prevent defendants from being unjustly convicted based on confessions alone. *City of Bremerton v. Corbett*, 106 Wn.2d 569, 576, 723 P.2d 1135 (1986). Historically, courts have grounded the rule in judicial mistrust of confessions.

■ ■ ¶11 Here, the parties first dispute whether the corpus delicti rule is constitutionally mandated. We have previously recognized that Washington's corpus delicti rule, particularly the requirement that the State present independent, corroborative evidence that the offense occurred, is judicially created and not constitutionally mandated. In *Corbett*, we noted that "[u]nlike the principles enunciated in *Miranda v. Arizona*, [384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966),] the *corpus delicti rule does not have a constitutional source*; it is traceable to English law and was early established in America." *Corbett*, 106 Wn.2d at 576 (emphasis added). Our reasoning in *Corbett* supports the State's contention that Washington's corpus delicti rule is not a Washington State constitutional standard, but it does not resolve whether the federal constitution mandates the corpus delicti rule.

¶12 In *Opper*, the United States Supreme Court held that while the State is not required to establish corpus

delicti independently of a defendant's statement, it is required to show the defendant's statement is reliable before it can be admitted. 348 U.S. at 93-94. The *Opper* Court recognized the corroboration requirement was based on an expansion of the common law and general concepts of justice. Put otherwise, the federal corroboration rule is judicially created, not constitutionally mandated. Indeed, federal case law weighs heavily against finding that the federal corroboration rule is constitutionally based. *See, e.g., United States v. Lopez-Alvarez,* 970 F.2d 583 (9th Cir.), *cert. denied,* 506 U.S. 989 (1992).

¶13 Here, the Court of Appeals engaged in similar analysis, recognizing that the corroboration requirement of the rule is rooted in traditional notions of justice and has become a settled principle of the administration of criminal justice and concluding that the Washington corpus delicti rule and its federal counterpart were not constitutionally mandated. *See Dow,* 142 Wn. App. at 981-82. We agree with the Court of Appeals' analysis on this issue. We also agree with its analysis that the trial court erred in determining the statute is unconstitutional based on a finding that the *Opper* standard sets a constitutional minimum due process standard from which our legislature cannot depart. Instead, we read the statutory requirements as consistent with the standards required by the *Opper* holding and our cases.

██ ██ ¶14 In 2003, the legislature modified the corpus delicti rule when it enacted RCW 10.58.035. Where a rule is judicially created and/or emanates from the common law, the legislature is generally free to codify or eliminate such a rule to the extent it does not violate due process standards or other constitutional principles. As it pertains to this case, RCW 10.58.035, as written, does not implicate any constitutional issues of concern.

██ ¶15 The corroboration rule enunciated in *Opper* signaled a departure from the previously more stringent federal corpus delicti rule. Generally, the corpus delicti rule prevents a defendant from being convicted based on his or

her confession alone and requires independent evidence sufficient to establish every element of the crime charged. The *Opper* Court stated the following when it enunciated the federal corroboration rule:

> [W]e think the better rule to be that the corroborative evidence need not be *sufficient*, independent of the statements, to establish the *corpus delicti*. It is necessary, therefore, to require the Government to introduce substantial independent evidence which would *tend to establish the trustworthiness* of the statement. Thus, *the independent evidence serves a dual function. It tends to make the admission reliable, thus corroborating it*[,] *while also establishing independently the other necessary elements of the offense.*

348 U.S. at 93 (most emphasis added). In other words, the *Opper* corroboration rule creates an alternative means to prove the corpus delicti. It does not, however, permit a defendant's confession to be the sole evidence used to support a conviction. More importantly, the corpus delicti rule is both a rule of admissibility and a rule of sufficiency.

¶16 Dow argues the legislature codified the "trustworthiness" standard from *Opper* when it enacted RCW 10.58.035. He asserts that in doing so, the State is required to establish independent corroborative evidence to support a conviction of the crime charged before the trial court can *admit* his statement into evidence.

¶17 RCW 10.58.035 provides:

> (1) In criminal and juvenile offense proceedings where independent proof of the corpus delicti is absent, and the alleged victim of the crime is dead or incompetent to testify, a lawfully obtained and otherwise admissible confession, admission, or other statement of the defendant shall be admissible into evidence *if there is substantial independent evidence that would tend to establish the trustworthiness of the confession, admission, or other statement of the defendant.*
>
> (2) In determining whether there is substantial independent evidence that the confession, admission, or other statement of the defendant is trustworthy, the court shall consider, but is not limited to:

(a) Whether there is any evidence corroborating or contradicting the facts set out in the statement, including the elements of the offense;

(b) The character of the witness reporting the statement and the number of witnesses to the statement;

(c) Whether a record of the statement was made and the timing of the making of the record in relation to the making of the statement; and/or

(d) The relationship between the witness and the defendant.

(3) Where the court finds that the confession, admission, or other statement of the defendant is sufficiently trustworthy to be admitted, the court shall issue a written order setting forth the rationale for admission.

(4) Nothing in this section may be construed to prevent the defendant from arguing to the jury or judge in a bench trial that the statement is not trustworthy *or that the evidence is otherwise insufficient to convict.*

(Emphasis added.)

¶18 Judicially, we have rejected the *Opper* rule. *See State v. Aten*, 130 Wn.2d 640, 663, 927 P.2d 210 (1996). In *Aten*, we noted that an increasing number of state courts have followed the *Opper* rule and that we are not among them. In *Aten*, we described the *Opper* rule as a more relaxed standard because it requires that the independent corroborating evidence must only *tend to establish the trustworthiness* of the confession. Instead of adopting *Opper*'s corroboration rule, we held:

> "The confession of a person charged with the commission of a crime is *not sufficient* to establish the *corpus delicti*, but if there is *independent proof thereof*, such confession may then be considered in connection therewith and the *corpus delicti* established by a combination of the independent proof and the confession."

*Aten*, 130 Wn.2d at 656 (some emphasis added) (quoting *State v. Meyer*, 37 Wn.2d 759, 763-64, 226 P.2d 204 (1951)). After the 2003 enactment of RCW 10.58.035, we reaffirmed *Aten* in our 2006 *Brockob* decision when we noted that "[a]

defendant's incriminating statement alone is not *sufficient* to establish that a crime took place." 159 Wn.2d at 328 (emphasis added) (footnote omitted). In *Aten*, we did not address RCW 10.58.035.

¶19 In contrast to the *Opper* rule and the rule we enunciated in *Aten*, the Court of Appeals correctly pointed out that RCW 10.58.035 addresses only admissibility and not sufficiency. *Dow*, 142 Wn. App. at 984. RCW 10.58-.035(1) provides that, absent evidence of the corpus delicti, the defendant's statement "*shall be admissible* . . . if there is substantial independent evidence that would tend to establish the trustworthiness of the [defendant's statement]." (Emphasis added.) Subsection (2) sets out a nonexclusive set of factors that the trial court must consider to determine whether the defendant's statement is trustworthy for purposes of admissibility. Subsection (3) provides that "[w]here the court finds that the confession, admission, or other statement of the defendant is sufficiently trustworthy to be *admitted*, the court shall issue a written order setting forth the rationale for *admission*." RCW 10.58.035 (emphasis added). The first three subsections pertain solely to admissibility. Even if these requirements are met, something more must exist in order to support the State's case, both under the statute and the corpus delicti doctrine.

¶20 The statute recognizes as much. Subsection (4) provides that "[n]othing in this section may be construed to prevent the defendant from arguing to the jury or judge in a bench trial that the statement is not trustworthy *or that the evidence is otherwise insufficient to convict*." RCW 10.58.035 (emphasis added). This subsection establishes that the legislature has left intact the requirement that a defendant cannot be convicted without sufficient evidence to establish every element of the crime, which is consistent with the corpus delicti doctrine and our cases. Considering RCW 10.58.035's plain language, we hold that any departure from the traditional corpus delicti rule under RCW 10.58.035 pertains only to admissibility and not to the

sufficiency of evidence required to support a conviction. The corpus delicti doctrine still exists to review other evidence for sufficiency, i.e., corroboration of a confession. That is, the State must still prove every element of the crime charged by evidence independent of the defendant's statement. *See Brockob*, 159 Wn.2d at 328 ("A defendant's incriminating statement alone is not sufficient to establish that a crime took place." (footnote omitted)).

¶21 Here, the State argues that Dow's statement was admissible because the trial court found the statement trustworthy based on the nonexclusive factors set out in RCW 10.58.035(2). Because we hold RCW 10.58.035 pertains only to admissibility, we also hold the trial court could have admitted Dow's statement after finding it trustworthy based on the factors set out in subsection (2)(a) of the statute. But, even if the statements are admissible, no other evidence exists to establish the corpus delicti independent of Dow's statement. Further, our corpus delicti cases have always required sufficient evidence independent of a defendant's confession to support a conviction. RCW 10.58.035 does nothing to change this requirement.

¶22 The State concedes it does not have any evidence corroborating or contradicting the facts set out in the statement, including any evidence related to the elements of the offense. *See* Br. in Resp. to Pet. for Review at 13. The State also represented to the trial court that it lacked any direct evidence that sexual contact actually occurred.[2] *Dow*, 142 Wn. App. at 987 (Houghton, C.J., dissenting). The only evidence the State purported to have is Dow's statement, which is insufficient under any standard. The statement "I did not commit the crime" cannot support a conviction for the crime without something more. Considering the State's concessions on these points, the Court of Appeals noted that the trial court could have dismissed the charge for insufficient evidence under *State v. Knapstad*, 107 Wn.2d 346, 729

---

[2] RCW 9A.44.083(1) provides, "A person is guilty of child molestation in the first degree when the person has, or knowingly causes another person under the age of eighteen to have, *sexual contact* with another . . . ." (Emphasis added.)

P.2d 48 (1986). Such dismissal would have been based on FF 3 (the only evidence against Dow was his statement) and FF 6 (Dow's statement was ultimately exculpatory rather than sufficient to support a conviction).[3] Without any evidence of guilt, the State has no evidence, much less sufficient evidence, to meet its burden of proving guilt beyond a reasonable doubt. The Court of Appeals held this issue was not before it and remanded Dow's case to the trial court, noting that Dow would be permitted to reassert his previously filed *Knapstad* motion, on which the trial court did not rule. We agree with the dissenting opinion from the Court of Appeals that no reason exists to remand this case to the trial court given the unchallenged findings and the State's concession that no other material evidence exists. The record is sufficient to resolve the *Knapstad* issue, which Dow presented on appeal.

## CONCLUSION

¶23 We reverse the Court of Appeals decision to remand to the trial court and affirm the trial court's dismissal of the State's case.

MADSEN, C.J., and ALEXANDER, SANDERS, CHAMBERS, OWENS, FAIRHURST, and STEPHENS, JJ., concur.

¶24 J.M. JOHNSON, J. (concurring) — I concur in the majority's judgment only because no shred of evidence besides the defendant's confession corroborates the abhorrent crime of which he has been accused. I write separately, however, to emphasize the heightened need for substantiating evidence in sexual assault cases involving very young victims who are likely to be found incompetent to testify.

---

[3] In his statement, Dow repeatedly denies any sexual contact as defined in RCW 9A.44.010 (requiring contact for the purpose of gratifying sexual desire of either party or a third party). Sexual contact must have occurred to convict under RCW 9A.44.083(1), pursuant to which Dow was charged.