[No. 26511-1-III.   Division Three.   October 28, 2010.]

THE STATE OF WASHINGTON, *Respondent*, v. CLIFFORD JAMES GROGAN, *Appellant*.

*Clifford James Grogan*, pro se.

*Dennis W. Morgan*, for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Mark E. Lindsey, Deputy*, for respondent.

¶1 BROWN, J. — Clifford Grogan was found guilty of first degree child molestation. This court affirmed in *State v.*

*Grogan*, 147 Wn. App. 511, 195 P.3d 1017 (2008). One issue raised in *Grogan* was whether the State failed to prove the corpus delicti of the crime charged without his confession. This court found this issue was improperly raised for the first time on appeal and did not reach it. Our Supreme Court accepted review and remanded for reconsideration in light of *State v. Dow*, 168 Wn.2d 243, 227 P.3d 1278 (2010). *Dow* partly concerns the corpus delicti rule and the application of the trustworthiness standards of RCW 10.58.035. Because we conclude sufficient independent corroborating evidence exists supporting the corpus delicti of the crime confessed to by Mr. Grogan, we affirm.

## FACTS

¶2 The facts are drawn from *Grogan*, 147 Wn. App. at 514-15. In summer 2001, Sandra Holloway, Mr. Grogan's stepdaughter, was bathing six-year-old M.L. and M.L.'s sister at the Grogans' home. M.L. told Ms. Holloway, "Pap-pa or Pop-pa - has touched me down there." 7 Report of Proceedings (RP) (Apr. 17, 2007) at 1276. When Ms. Holloway asked M.L. where she meant, M.L. pointed toward her vagina and pointed toward Mr. and Mrs. Grogan. Ms. Holloway removed M.L. from the home and reported her statements to Spokane Police Department Detective Kip Hollenbeck.

¶3 On November 24, 2001, M.L. and her mother, Sandra Bowyer, were found murdered. *Grogan*, 147 Wn. App. at 514. In February 2003, Mr. Grogan voluntarily came in during the murder investigation for a polygraph examination conducted by Detective Douglas Orr in the Spokane Public Safety Building. Before and after the exam, Mr. Grogan was read and signed a waiver of rights form. Detective Orr told Mr. Grogan he thought he was lying. He was then interviewed by detectives without *Miranda*[1] warnings. Mr. Grogan's statements included his sex-offense history and thoughts of molesting M.L. *Id.*

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

¶4 In May 2006, the State charged Mr. Grogan with one count of first degree child molestation of M.L. Mr. Grogan's statements were allowed in evidence after a lengthy CrR 3.5 voluntariness hearing where custody was the sole dispute. *Id.* The court held a pretrial child-hearsay hearing under RCW 9A.44.120, concluding M.L.'s statements to Ms. Holloway were admissible.

¶5 Ronald Bowyer (M.L.'s stepfather, Ms. Holloway's brother, and Mr. Grogan's stepson) testified that after M.L.'s funeral, Mr. Grogan told him, "I touched [M.L.] inappropriately." Pl.'s Ex. 15.

¶6 Mr. Grogan did not call witnesses. The jury found Mr. Grogan guilty as charged. The court sentenced Mr. Grogan as a persistent offender to life in prison without the possibility of release. He appealed and this court affirmed.

## ANALYSIS

¶7 The sole issue on remand is whether Mr. Grogan's statements were inadmissible under the corpus delicti rule as clarified in *Dow*. Mr. Grogan contends the State failed to prove every element of the crime charged by evidence independent of his statements.

¶8 The corpus delicti rule does not merely set a standard for the admission of statements into evidence; it establishes that an uncorroborated confession is insufficient evidence to sustain a conviction as a matter of law unless independent proof shows that a crime occurred. *State v. Aten*, 130 Wn.2d 640, 655, 927 P.2d 210 (1996). "[T]he State must still prove every element of the crime charged by evidence independent of the defendant's statement." *Dow*, 168 Wn.2d at 254.

¶9 In 2003, our legislature enacted RCW 10.58.035, which modified the corpus delicti rule. This statute provides, "[W]here independent proof of the corpus delicti is absent, and the alleged victim of the crime is dead or incompetent to testify, a lawfully obtained and otherwise

admissible . . . statement of the defendant shall be admissible into evidence if there is substantial independent evidence that would tend to establish the trustworthiness of the . . . statement." RCW 10.58.035(1). The legislature provided a nonexclusive list of factors to consider in determining trustworthiness:

> (a) Whether there is any evidence corroborating or contradicting the facts set out in the statement, including the elements of the offense;

> (b) The character of the witness reporting the statement and the number of witnesses to the statement;

> (c) Whether a record of the statement was made and the timing of the making of the record in relation to the making of the statement; and/or

> (d) The relationship between the witness and the defendant.

RCW 10.58.035(2).

■ ¶10 In *Dow*, the court addressed whether RCW 10.58.035 changes the corpus delicti rule. Mr. Dow was charged with first degree child molestation. *Dow*, 168 Wn.2d at 247. The victim was a three-year-old child, and the State conceded she was too young to testify. *Id.* Consequently, her statements to others about the alleged offense were inadmissible. Mr. Dow and the child were the only people present at the time of the alleged offense. *Id.* During a recorded police interview, Mr. Dow made statements regarding the events surrounding the alleged molestation. Mr. Dow moved to exclude his statements, arguing they were inadmissible for lack of corpus delicti (no such motion was made by Mr. Grogan). *Id.* The trial court found these statements to be inadmissible. *Id.* Mr. Dow's case was dismissed. The State appealed. *Id.* at 248. The Court of Appeals reversed and the Supreme Court granted Mr. Dow's petition for review. Our Supreme Court held that RCW 10.58.035 pertained "only to admissibility and not to the sufficiency of evidence required to support a conviction." *Id.* at 253-54. Thus, a statement may be admissible because it is trustworthy under RCW 10.58.035, but the State still

has the burden of establishing all the elements of the crime. *Id.* at 254.

¶11 To convict a defendant of first degree child molestation, the State must prove the defendant had "sexual contact with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim." RCW 9A.44.083(1). " 'Sexual contact' means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party." RCW 9A.44.010(2).

¶12 Here, six-year-old M.L. confided to Ms. Holloway that "Pap-pa" touched her "down there." 7 RP at 1276. When Ms. Holloway asked M.L. where she meant, M.L. pointed to her vagina and then pointed to Mr. Grogan. These statements were found admissible in *Grogan*. This evidence in conjunction with Mr. Bowyer's testimony that Mr. Grogan admitted inappropriately touching M.L. provide the necessary corroborative independent evidence of the corpus delicti of first degree child molestation. Because RCW 10.58.035 pertains to "when independent proof of the corpus delicti is absent," this statute does not apply. Thus, unlike in *Dow*, where no independent proof was present, the State has met its burden, providing evidence of each element of the crime charged independently of Mr. Grogan's statement. Mr. Grogan's jury accepted this evidence as proof of his guilt beyond a reasonable doubt.

¶13 The conviction is affirmed.

KULIK, C.J., and SWEENEY, J., concur.

Review denied at 171 Wn.2d 1006 (2011).