Maxa, A.C.J.
¶52 (concurring) — I concur in the result of this case. I write separately because I disagree with the lead opinion’s conclusion that the corpus delicti issue involves only a rule of evidence that cannot be raised for the first time on appeal. I believe that whether the State has established the corpus delicti of a crime through evidence independent of a defendant’s statements involves sufficiency of the evidence necessary to convict that can be raised for the first time on appeal under RAP 2.5(a)(2).
¶53 In order to convict a defendant of a crime, the State has the burden of proving the “corpus delicti” of that crime - i.e., that some crime actually occurred. State v. Green, 182 Wn. App. 133, 142, 328 P.3d 988, review denied, 181 Wn.2d 1019 (2014). Under the corpus delicti rule, the “defendant’s incriminating statement alone is not sufficient to establish that a crime took place.” State v. Brockob, 159 Wn.2d 311, 328, 150 P.3d 59 (2006) (footnote omitted). “[T]he State must present evidence independent of the incriminating statement that the crime a defendant described in the statement actually occurred.” Id. (emphasis omitted).
¶54 The lead opinion states that the corpus delicti rule is merely a rule of evidence. This notion is inconsistent with the Supreme Court’s decision in State v. Dow, 168 Wn.2d 243, 227 P.3d 1278 (2010). In Dow, the court emphasized that “the corpus delicti rule is both a rule of admissibility and a rule of sufficiency.” Id. at 251. The court stated:
*523 The corpus delicti doctrine generally is a principle that tests the sufficiency or adequacy of evidence, other than a defendant’s confession, to corroborate the confession. . . . Where no other evidence exists to support the confession, a conviction cannot be supported solely by a confession.
Id. at 249 (emphasis added). In other words, “the corpus delicti rule prevents a defendant from being convicted based on his or her confession alone.” Id. at 250-51.
¶55 The court in Dow addressed RCW 10.58.035, which permits the admission of a defendant’s statements even where independent proof of corpus delicti is absent when there is substantial independent evidence that the statement is trustworthy. Id. at 251-54. However, the court expressly distinguished between the admissibility of a defendant’s statement and the sufficiency of evidence to convict a defendant of a crime. Id. at 253-54.
Considering RCW 10.58.035’s plain language, we hold that any departure from the traditional corpus delicti rule under RCW 10.58.035 pertains only to admissibility and not to the sufficiency of evidence required to support a conviction. The corpus delicti doctrine still exists to review other evidence for sufficiency, i.e., corroboration of a confession.

Id.

¶56 The court concluded that whether Dow’s statement was trustworthy under RCW 10.58.035(2) was immaterial to whether there was sufficient evidence independent of the defendant’s confession to convict Dow of the charged crime. Id. at 254.
[E]ven if the statements are admissible, no other evidence exists to establish the corpus delicti independent of Dow’s statement. Further, our corpus delicti cases have always required' sufficient evidence independent of a defendant’s confession to support a conviction. RCW 10.58.035 does nothing to change this requirement.
Id. (emphasis added).
¶57 Division Three of this court also has concluded that the corpus delicti rule is a rule of sufficiency of evidence as *524 well as a rule of admissibility of evidence. State v. Grogan, 158 Wn. App. 272, 275-76, 246 P.3d 196 (2010).
The corpus delicti rule does not merely set a standard for the admission of statements into evidence; it establishes that an uncorroborated confession is insufficient evidence to sustain a conviction as a matter of law unless independent proof shows that a crime occurred.
Id. at 275 (emphasis added).
¶58 The corpus delicti rule provides that a defendant’s statements, standing alone, are insufficient to support a conviction unless there is corroborating evidence independent of the statement that a crime actually occurred. Brockob, 159 Wn.2d at 328. Because the corpus delicti rule involves sufficiency of evidence to convict, I would hold that the corpus delicti issue can be raised for the first time on appeal under RAP 2.5(a)(2).
¶59 The lead opinion suggests that requiring a defendant to raise the corpus delicti issue at trial in order to preserve the issue for appeal is appropriate because otherwise the defendant could remain silent and not inform the State that it had not produced sufficient evidence of corpus delicti. However, in other contexts a defendant certainly has no obligation to inform the State that it has not produced sufficient evidence to sustain a conviction. There is no reason to impose such a requirement when the insufficiency of evidence involves corpus delicti.
¶60 Here, I agree with the lead opinion - as discussed in its analysis of Cardenas-Flores’s ineffective assistance of counsel claim - that there is sufficient corroborating evidence independent of Cardenas-Flores’s statements to establish the corpus delicti of the crime. This means that even if the lead opinion did address the corpus delicti issue on its merits, it would have rejected Cardenas-Flores’s arguments. Therefore, I concur in the result even though I disagree with the lead opinion’s approach.
Review granted at 186 Wn.2d 1017 (2016).