IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34108-9-III |
| Respondent, | ) | |
| v. | ) | |
| DEMETRIO PAZ, | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |

FEARING, C.J. — Demetrio Paz asks this court to remand his prosecution to the trial court to enter written findings of fact addressing a CrR 3.5 confession hearing and to decrease his sentence for community custody from eighteen months to twelve months. We deny both requests.

## FACTS

On January 14, 2015, Demetrio Paz severely beat Tyson Heath, a fellow inmate at the Okanogan County Jail. The beating resulted in blood drippings on the jail floor.

## PROCEDURE

The State of Washington charged Demetrio Paz with assault in the second degree. On the morning of trial, the trial court held a CrR 3.5 hearing to determine the admissibility of statements Paz made to Okanogan County Sherriff's Deputy Joshua

No. 34108-9-III
*State v. Paz*

Brown. Deputy Brown was the only witness to testify at the hearing. The State provided

scant argument, and Paz provided no responsive argument. The trial court orally ruled:

> Court is finding that the inquiry was custodial in nature. Court's further finding that there's an undisputed fact that the defendant was advised of his Miranda warnings. He was also advised of the waiver. He waived his right freely and voluntarily, he spoke with the officer. There was [sic] no threats or promises made of any kind or nature by the officer.
> The statement as indicated, he had no knowledge of the assault. He did give a statement with respect to being confronted by Mr. Heath as to issues of stolen commissary products.
> Therefore the court will allow the statement,—finds it was freely and voluntarily given, without any duress, and no request to be represented by counsel during any inquiry.
> Therefore he voluntarily waived his rights.
> Any question?

Report of Proceedings (RP) at 32-33. The trial court did not enter written findings of fact

and conclusions of law for the CrR 3.5 hearing until January 13, 2017.

A jury convicted Demetrio Paz of assault in the second degree. The trial court

sentenced Paz to seventy months of incarceration and eighteen months of community

custody. Paz did not object to the sentence.

## LAW AND ANALYSIS

### Written CrR 3.5 Findings of Fact

Demetrio Paz contends the trial court erred in failing to enter findings of fact and

conclusions of law following the CrR 3.5 confession hearing. Paz argues the late

submission of findings does not comport with RAP 7.2(e) and requests remand for entry

2

of findings and conclusions. The State responds that the issue is moot because the trial court entered written findings on January 13, 2017.

CrR 3.5 controls the procedures for determining admissibility of statements by criminal defendants. CrR 3.5(c) provides:

> **Duty of Court to Make a Record.** After the hearing, the court shall set forth in writing: (1) the undisputed facts; (2) the disputed facts; (3) conclusions as to the disputed facts; and (4) conclusion as to whether the statement is admissible and the reasons therefor.

Despite the mandatory language of CrR 3.5, a trial court's failure to enter written findings required by CrR 3.5 is harmless error if the court's oral findings are sufficient to permit appellate review. *State v. Grogan*, 147 Wn. App. 511, 516, 195 P.3d 1017 (2008), *adhered to on remand*, 158 Wn. App. 272, 246 P.3d 196 (2010). This court does not need to address whether the late submission of written findings suffices because the trial court's oral ruling rendered harmless any absence of written findings.

At the conclusion of the CrR 3.5 hearing, the trial court entered its findings and rulings on the record. The court found Demetrio Paz received his *Miranda* warnings, understood his rights, waived his right to remain silent, and voluntarily spoke with Deputy Brown. This on-the-record ruling addressed any concern regarding the admissibility of Paz's statement to Deputy Brown. Since Demetrio Paz did not testify, the hearing did not pose any dispute of facts for resolution by the court.

Sentencing

Demetrio Paz argues the trial court erred in imposing eighteen months of community custody because RCW 9.94A.701(2) and (3) conflict. In turn, according to Paz, this court must resolve this ambiguity in his favor.

RCW 9.94A.701 reads, in relevant part:

> (1) If an offender is sentenced to the custody of the department for one of the following crimes, the court shall, in addition to the other terms of the sentence, sentence the offender to community custody for three years:
> (a) A sex offense not sentenced under RCW 9.94A.507; or
> (b) A serious violent offense.
> (2) A court shall, in addition to the other terms of the sentence, sentence an offender to community custody for eighteen months when the court sentences the person to the custody of the department for a violent offense that is not considered a serious violent offense.
> (3) A court shall, in addition to the other terms of the sentence, sentence an offender to community custody for one year when the court sentences the person to the custody of the department for:
> (a) Any crime against persons under RCW 9.94A.411(2)

RCW 9.94A.701(2) mandates an eighteen-month term of community custody for a violent offense, not considered a serious violent offense. The law does not consider Demetrio Paz's assault on Tyson Heath a serious violent offense. RCW 9.94A.701(3) requires a twelve month term of community custody for a crime against a person. Paz contends that, because second degree assault is both a violent offense and crime against a person, the statute presents conflicting community custody sentences for his crime. We agree. Assault in the second degree is both a violent offense and a crime against a person. RCW 9.94A.030(55)(a)(viii); RCW 9.94A.411(2). Paz asks us to employ the

4

rule of lenity and require the trial court to impose the more lenient twelve-month term.

The State responds that RCW 9.94A.701(2) and (3) do not create any ambiguity because the two community custody time periods comprise a part of a tiered sentencing scheme that increases community custody terms as culpability increases. The State asserts that the higher tiers of culpability, such as violent offenses, may also fit on a lower tier, but the accused remains subject to the lengthier custody term. We agree with the State.

A trial court may only impose sentences that statutes authorize. *State v. Albright*, 144 Wn. App. 566, 568, 183 P.3d 1094 (2008). A defendant may challenge a sentence that is contrary to law for the first time on appeal. *State v. Hood*, 196 Wn. App. 127, 138, 382 P.3d 710 (2016), *review denied*, 187 Wn.2d 1023, 390 P.3d 331 (2017).

*State v. Hood*, 196 Wn. App. 127 controls our decision. Christopher Hood raised the same argument when convicted of burglary. Like second degree assault, first degree burglary qualifies as both a violent crime and a crime against a person. Hood contended that the legislature created an ambiguity by placing the crime of first degree burglary in two different categories and that the court must resolve the ambiguity, under the rule of lenity, by shortening his term of community custody to twelve months. This court disagreed. The *Hood* court reasoned that the statute establishes a tiered step-down sentencing structure depending on the seriousness of the crime: three years of community custody is imposed for serious violent offenses; eighteen months for a violent offense not

5

considered a serious violent offense; and twelve months for crimes against persons. The court held the defendant may be sentenced to the lengthier time period.

CONCLUSION

We decline Demetrio Paz's request to remand for the trial court to enter findings of fact in response to the CrR 3.5 hearing. We affirm Paz's sentence. We deny the State costs on appeal because of the indigency of Demetrio Paz.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Fearing, J.
Fearing, C.J.

WE CONCUR:

Siddoway, J.

Pennell, J.