**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49431-1-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| KRISTOPHER WILLIAM ERDELBROCK, | |
| Appellant. | |

MAXA, A.C.J. – Kristopher Erdelbrock appeals his conviction of failure to register as a sex offender and his sentence. He was convicted after a bench trial for failing to comply with RCW 9A.44.130(6)(b), which requires that persons without a fixed residence report weekly to the local county sheriff's office.

We hold that (1) the corpus delicti rule does not apply to Erdelbrock's statement about having no place to live because he made it before he committed the charged crime, and therefore the State presented sufficient evidence that he had no fixed residence; and (2) the trial court did not err when it imposed mandatory legal financial obligations (LFOs) without assessing Erdelbrock's ability to pay. Accordingly, we affirm Erdelbrock's conviction and sentence.

FACTS

Erdelbrock was required to register as a sex offender based on his criminal history. On August 4, 2015, he registered with the Cowlitz County Sheriff's Office as a sex offender. When registering, he told Deputy Darrin Ullmann that he did not have a place to live. Because of

Erdelbrock's transient status, Ullman explained to Erdelbrock that he was required to report weekly to the sheriff's office.

Erdelbrock did not report on August 11, 18, or 25. The State charged Erdelbrock with failing to register as a sex offender. Erdelbrock stipulated that his criminal history required him to register, and he waived his right to a jury trial.

At trial, the State presented Ullmann's testimony that Erdelbrock had stated that he had no place to live and that he had registered as a transient. In closing argument, Erdelbrock argued that the corpus delicti rule prevented the trial court from considering his statement to Ullmann as proof that he lacked a fixed residence and therefore was subject to the weekly reporting requirement. In an oral ruling, the trial court found Erdelbrock guilty. However, the court did not enter written findings of fact or conclusions of law.

At sentencing, the court imposed LFOs in the amount of $500 for a victim penalty assessment, $200 for a criminal filing fee, and $100 for a deoxyribonucleic acid (DNA) collection fee.

Erdelbrock appealed his conviction and the imposition of LFOs. This court, while retaining jurisdiction, entered an order remanding the case for the trial court to enter written findings of fact and conclusions of law. The trial court entered written findings consistent with the above statement of facts and entered a conclusion that Erdelbrock was guilty of failing to register as a sex offender.

## ANALYSIS

A. SUFFICIENCY OF EVIDENCE

Erdelbrock argues that under the corpus delicti rule, the trial court could not consider his statement that he had no place to live. As a result, Erdelbrock claims that the State failed to

present sufficient evidence that he failed to register as a sex offender under the requirements for transients. We disagree.

1. Corpus Delicti Rule

The corpus delicti rule prevents the State from establishing that a crime occurred based solely on the defendant's incriminating statement. *State v. Green*, 182 Wn. App. 133, 143, 328 P.3d 988 (2014). The State must present corroborating evidence independent of the statement that the charged crime occurred. *Id.* Without such corroborating evidence, the defendant's statement alone is insufficient to support a conviction. *State v. Dow*, 168 Wn.2d 243, 249, 227 P.3d 1278 (2010).

However, the corpus delicti rule does not apply to statements a defendant makes before or during the commission of the charged crime. *State v. Witherspoon*, 171 Wn. App. 271, 296-97, 286 P.3d 996 (2012), *aff'd*, 180 Wn.2d 875, 329 P.3d 888 (2014); *State v. Pietrzak*, 110 Wn. App. 670, 681, 41 P.3d 1240 (2002). The rationale is that such statements are not "confessions" because no crime has yet occurred and therefore they do not have the same weaknesses as confessions or admissions after the crime has occurred. *See Pietrzak*, 110 Wn. App. at 681.

Here, Erdelbrock stated that he did not have a place to live when he first registered. But he did not commit the charged offense until he later failed to make his first weekly report. As a result, the corpus delicti rule does not apply and the State was not required to independently corroborate Erdelbrock's statement before the court could consider it at trial.

2. Sufficiency Analysis

Erdelbrock argues that the State failed to present sufficient evidence that he violated the sex offender statute. Specifically, he argues that the State failed to present sufficient evidence that he lacked a fixed residence. We disagree.

The test for determining the sufficiency of the State's evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). In a sufficiency of the evidence claim, the defendant admits the truth of the State's evidence and all reasonable inferences drawn from that evidence. *Id.* at 106. Credibility determinations are made by the trier of fact and are not subject to review. *State v. Miller*, 179 Wn. App. 91, 105, 316 P.3d 1143 (2014). Circumstantial and direct evidence are equally reliable. *Id.*

Under RCW 9A.44.132(1), a defendant is guilty for failing to register as a sex offender if he or she fails to comply with RCW 9A.44.130. Under RCW 9A.44.130(6)(b), a sex offender who lacks a fixed residence must report weekly, in person, to the sheriff of the county where he or she is registered. A "fixed residence" is a "building that a person lawfully and habitually uses as living quarters a majority of the week." RCW 9A.44.128(5).

Here, Officer Ullmann testified that Erdelbrock stated when he registered that he did not have a place to live. As noted above, the trial court could consider this evidence. Ullmann also testified that Erdelbrock had not changed or updated his address since registering. This testimony, viewed in the light most favorable to the State, establishes that Erdelbrock did not have a fixed residence and therefore was required to report to the sheriff's office weekly.

In addition, the record shows that Erdelbrock did not sign in at the sheriff's office on August 11, 18, or 25. This evidence is sufficient to establish that Erdelbrock failed to report on multiple occasions as required by RCW 9A.44.130(6)(b).

Accordingly, we hold that the State presented sufficient evidence to support Erdelbrock's conviction.

4

B.    IMPOSITION OF LFOS

Erdelbrock argues that the trial court erred in imposing LFOs without assessing his ability to pay. We disagree.

A trial court may impose two types of LFOs, discretionary and mandatory. *State v. Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013). For mandatory LFOs, the legislature has divested courts of discretion to consider a defendant's ability to pay. *Id.* Therefore, mandatory LFOs can be imposed without assessing the defendant's ability to pay. *Id.* Such obligations are constitutional so long as sufficient safeguards in the sentencing scheme prevent imprisonment of indigent defendants. *Id.* at 102-03.

Here, Erdelbrock challenges imposition of a victim penalty assessment under RCW 7.68.035, a criminal filing fee under RCW 36.18.020(2)(h), and a DNA collection fee under RCW 43.43.7541. All three fees are mandatory LFOs that are assessed without considering the defendant's ability to pay. *State v. Clark*, 191 Wn. App. 369, 374, 362 P.3d 309 (2015); *see also State v. Mathers*, 193 Wn. App. 913, 918-23, 376 P.3d 1163, *review denied*, 186 Wn.2d 1015 (2016).

Accordingly, we hold that the trial court did not err in imposing mandatory LFOs.

C.    APPELLATE COSTS

Erdelbrock asks that we refrain from awarding appellate costs if the State seeks them. The State appears to agree that appellate costs should not be imposed, but the State does not represent that it will not request costs.

Accordingly, we decline to consider the issue. A court commissioner will determine whether to award costs under RAP 14.2 if the State files a cost bill and if Erdelbrock objects to that cost bill.

CONCLUSION

We affirm Erdelbrock's conviction and sentence.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

_____
MAXA, A.C.J.

We concur:

_____
JOHANSON, J.

_____
MELNICK, J.